■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT HEMPHILL, Appellant.—Kane, J.

At about 6:00 A.M. on June 27, 1984, defendant was questioned by Police Officer Richard Hendrick at the scene of a fire in the boiler room of an apartment dwelling on Central Avenue in the City of Albany. A smaller fire had also occurred on the steps outside another dwelling adjacent to and at the rear of the Central Avenue location. Noting discrepancies in defendant's version of events, and after giving him his *Miranda* warnings, Hendrick asked defendant to proceed to police headquarters for further questioning. He consented and was taken there by other officers in another vehicle, who placed him in handcuffs while in transit. Before turning defendant over to other officers, Hendrick performed a routine search of defendant and removed a cigarette lighter and three books of matches from his person. At the police station, additional inquiry followed and after again receiving *Miranda* warnings, which he allegedly stated he understood, defendant gave incriminating information to police officers. When asked to sign a written statement, he stated he wished to speak to his lawyer prior to signing such a statement, and his lawyer was called, who then requested police to cease questioning defendant. The police complied, and thereupon placed defendant under arrest. Motions seeking to suppress defendant's statements, in which he admitted setting the two fires, and the articles seized from his person were denied.

On this appeal upon conviction after trial, defendant contends that (1) the suppression motions should have been granted, (2) the evidence at trial was insufficient to establish his guilt beyond a reasonable doubt, and (3) the sentence imposed was harsh and excessive. The judgment should be affirmed.

Defendant contends that the statements obtained at the police station should have been suppressed because they were obtained in a custodial setting prior to informing defendant of his rights mandated by *Miranda v Arizona* (384 US 436). Whether defendant was "in custody" at the police station after agreeing to speak further to Hendrick in that setting is not determinative of the issue, for County Court, after a hearing on the suppression motion, determined that defendant received his *Miranda* warnings from Hendrick at the scene of

the crime before leaving for the police station. Additionally, the court found no custodial interrogation prior to the warnings, and held that the subsequent admissions were voluntary. We find sufficient proof beyond a reasonable doubt to support a finding of voluntariness by the trier of the facts (see, People v Leonti, 18 NY2d 384, 390, cert denied 389 US 1007). County Court articulated the basis for its finding of voluntariness clearly and concisely, including specific grounds for accepting Hendrick's testimony as completely believable. Its determination should not be disturbed (see, People v Jackson, 101 AD2d 955, 956).

However, with respect to the admissibility of the cigarette lighter and three books of matches taken from defendant, we note that the trial testimony of Hendrick established that these items were taken from the person of defendant at the scene of the crime prior to his being transported to police headquarters and prior to his arrest. Had there been an objection to the admission of these items into evidence, it would, undoubtedly, have been sustained. However, and in any event, we view the error, if any, harmless, for upon the overwhelming proof of guilt in this record there is no significant probability that the jury would have acquitted had it not been for the error (see, People v Crimmins, 36 NY2d 230). Moreover, the record further demonstrates that based upon his preliminary investigation of the scene and defendant's physical appearance at the time he was initially interviewed, Hendrick's reasonable suspicion that criminal activity was afoot could arguably be elevated to probable cause to believe that defendant was the perpetrator of this arson. Accordingly, the items taken from defendant at the scene would not taint the later seizure at the police station since their proper seizure was inevitable (see, People v Fitzpatrick, 32 NY2d 499, cert denied 414 US 1033).

We find no merit to defendant's claim of insufficient evidence to sustain his conviction. The testimony of fire investigators, together with a forensic scientist and other residents of the damaged premises, provide more than the requisite corroboration for defendant's confession (see, CPL 60.50; People v Lipsky, 57 NY2d 560). Finally, we find the sentence imposed upon defendant within statutory limits and within County Court's discretion (see, People v Donnelly, 103 AD2d 941, 943), and the speedy trial issue raised by defendant totally without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.