■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY FIACCO, Appellant.—Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered February 5, 1985, upon a verdict convicting defendant of the crime of arson in the second degree.

A fire erupted at Frank's Tavern in the City of Rensselaer in the early morning hours of October 11, 1983, substantially damaging the first-floor tavern and a second-floor apartment which was then occupied by tenants. As a result of admissions made by defendant to acquaintances that she had "torched Frank's", she was arrested and charged with arson in the second degree. Following a jury trial defendant was found guilty as charged and sentenced to an indeterminate term of 4 to 12 years' imprisonment.

Defendant's first assignment of error attacks County Court's exclusion of evidence that she had sued and recovered damages in the Federal courts in a civil rights action under 42 USC § 1983, based upon allegations that named members of the City of Rensselaer Police Department, the investigating police agency in the instant case, had used excessive force against her in effecting an earlier arrest of defendant in 1981 (see, Fiacco v City of Rensselaer, 783 F2d 319, cert denied — US —, 107 S Ct 1384). The city's Chief of Police had also been made a party defendant in that action, based not on his participation in the incident, but as one of a group of city officials who had adopted a "policy of deliberate indifference" to the use of excessive force by members of the city's police department (supra, at 323). Defendant sought to introduce the evidence of her lawsuit through her own testimony and that of the Chief of Police, both on her direct case. The justification for such evidence, as expressed in an offer of proof and argument by defense counsel, was "so that the jury can evaluate the predisposition of the Rensselaer police in their conduct towards my client and the investigation in this case", and "to establish bias or revenge or the desire to get even as running to the credibility of other witnesses".

In our view, County Court's exclusion of this evidence is not a basis for a reversal. As to the first of the grounds defendant invoked to support admissibility, i.e., the "predisposition" of the police in their investigations, defendant apparently was seeking to demonstrate that, in general, the evidence against her was tainted, i.e., distorted or fabricated. Defendant did not establish, however, that any of the officers who actually conducted the investigation were party defendants in her damage action or that the Chief of Police, who was a party, actively

participated in the investigation. Nor did she develop any evidence through cross-examination of the People's lay witnesses, that their testimony was suggested by or slanted at the behest of the police. County Court, therefore, could properly have concluded that the slight probative value, on the integrity of the People's case, of the single collateral fact of the existence of defendant's lawsuit against some members of the same police department was heavily "outweighed by dangers that the main issue would be obscured, by prolongation of trial and by the solid possibility of undue prejudice to the prosecution" *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998).

The same reasoning applies to the second ground upon which defendant based her offer of proof, to show bias or hostility of police witnesses. Apart from the fact that one or more of the policemen held liable in defendant's civil action may still have been fellow members of the same police department at the time of trial, defendant did not prove anything with respect to any personal relationship between them and the officers who testified on the prosecution's case. Moreover, to whatever degree that police officers gave evidence on matters of critical significance, their testimony was cumulative to that of independent witnesses. Under these and the other circumstances previously alluded to, it was well within County Court's discretion to exclude this collateral evidence of hostility as too remote *(see,. People v Thomas,* 46 NY2d 100, 105, *appeal dismissed* 444 US 891).

We likewise reject defendant's alternative ground for reversal, that there was insufficient independent evidence that an arson had been committed to corroborate her admissions of guilt to various persons (CPL 60.50). The additional proof necessary to satisfy the statutory requirement of corroboration of a confession "need only be of circumstances ' "calculated to suggest the commission of the crime, and for the explanation of which the confession furnishes the key" ' " *(People v Jackson,* 65 NY2d 265, 273, quoting *People v Murray,* 40 NY2d 327, 332, *cert denied* 430 US 948). The requisite corroborative evidence may consist of "presence at the scene, proof of motive, evidence of flight and other conduct indicating a consciousness of guilt" *(People v Reade,* 13 NY2d 42, 46). Virtually all of these factors were established at the trial. Defendant was involved in an altercation at the bar with another patron and the proprietor. She left angrily after being refused a last drink before the establishment was closed. Within 15 minutes thereafter, the fire was discovered. The

origin of the fire was pinpointed at the same location that defendant told another person was the place where she set the fire. The following day defendant handed a friend a bag containing shoes and jeans which she had worn the preceding night, with the request to wash off any traces of smoke and pebbles from them. Additionally, arson investigators excluded most of any possible natural or accidental causes of the fire. Although the investigators conceded that not all alternative explanations for the blaze had been negated by their examinations, the necessary corroboration of a confession need not exclude every reasonable hypothesis other than guilt *(see, People v Lipsky,* 57 NY2d 560, 571).

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.