■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES F. MARRYATT and THOMAS BLISS, Appellants.—Kane, J. P. Appeals from two judgments of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 11, 1988, upon a verdict convicting defendants of the crime of prohibited use of a weapon.

Defendants, together with defendant Charles F. Marryatt's wife, are the owners of a 142-acre campsite off Iron Kettle Road in the Town of Maryland, Otsego County. The premises also serve as a nudist camp known as "Paradise Mountain".

At approximately 10:00 P.M. on May 29, 1987, a vehicle driven by Kelly Gutman, containing five other young women passengers in search of the location of a friend's birthday party, arrived at the driveway entrance to defendants' campsite just off Iron Kettle Road.

There is some dispute as to the series of events which transpired thereafter, but it appears that the Gutman vehicle entered defendants' premises and then reversed direction, during which process the horn was sounded. The noise attracted the attention of defendant Thomas Bliss, who came out of the house and approached the vehicle to ask Gutman to leave the premises. Unpleasantries ensued, which resulted in Bliss summoning Marryatt, who, accompanied by his wife, arrived at the scene carrying a shotgun which he discharged into the air. In the meantime, Bliss had stationed himself in front of the Gutman vehicle, which moved forward slightly, resulting in Bliss ending up on top of the hood of the vehicle. Marryatt approached the rear of the vehicle to obtain the number on the license plate, after allegedly accosting the driver of the vehicle by placing the muzzle of the shotgun in the front window of the car, while his wife came to the driver's window to attempt to extract the keys from the vehicle. Thereupon, the vehicle departed abruptly, striking Marryatt's wife and spewing rocks and dirt upon Bliss. Marryatt fired a shot at the Gutman vehicle, which hit the rear tire. He then dropped the shotgun to the ground and went to the aid of his wife. Bliss grabbed the gun and fired three more shots in the direction of the escaping vehicle. An ambulance was called to remove Marryatt's wife to the hospital and police were summoned to investigate and question the participants. Written statements were obtained from defendants, who were later indicted for reckless endangerment in the first degree and prohibited use of a weapon. After a jury trial, defendants were acquitted of the former charge and convicted of the latter. This appeal ensued.

Initially, defendants question the sufficiency of the indictment and the failure of the prosecution to provide them with particularization of the events described in the allegations contained therein. We find no merit in this argument, for the indictment complied with the requirements of the statute (see, CPL 200.50; see also, People v Iannone, 45 NY2d 589, 598) and, as found by County Court, defendants never requested a bill of particulars from the prosecution before they moved for particularization of the matters alleged in the indictment (see, People v McKenzie, 67 NY2d 695, 697). Equally without merit

is Bliss' contention that there is insufficient evidence to support his conviction. We find more than the requisite evidence to corroborate the written admission he gave to the police. Moreover, the physical facts and the testimony of the other participants in the affairs on the evening in question firmly support the verdict of the jury *(see, People v Fiacco,* 132 AD2d 887, 888, *lv denied* 70 NY2d 874).

Finally, we conclude that the evidence supports defendants' conviction of Penal Law § 265.35 (2) pertaining to prohibited use of weapons. The jury could find that the Gutman vehicle was moving upon a public highway at the time the various shots were fired even though the dispute leading to these events began partially upon private property. Accordingly, the conviction should be affirmed.

Judgments affirmed. Kane, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.