THIRD DEPARTMENT, APRIL, 1995

(April 6, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. WRIGHT, Appellant. [624 NYS2d 759] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered May 25, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts) and arson in the first degree.

In January 1987, defendant was indicted in Rensselaer County on one count of arson in the first degree and four counts of murder in the second degree. The charges arose out of a fire which took place on September 1, 1986 in the City of Troy. Two young girls, who were sleeping in the dwelling at the time of the fire, were killed and Donald Gilbert, who lived in the building, suffered serious burns.

The evidence proffered at trial was based primarily upon

the testimony of Martin Williams, to whom defendant had admitted setting the fire. Williams, who had an extensive criminal record and testified in exchange for the dismissal of a number of burglary charges against him, was not an accomplice to the arson. He testified that approximately two weeks after the fire, he and defendant were smoking cocaine together when defendant confessed to the arson and stated that he was trying to get back at Gilbert. Gilbert testified that approximately two weeks prior to the fire, defendant had accused him of stealing his stereo. Defendant's father had filed a police report charging Gilbert with stealing property from them. Additional prosecution evidence consisted of the testimony of an acquaintance of defendant who saw him at the scene of the crime shortly before the fire was discovered. A Police Chief in Troy confirmed that defendant was in the vicinity of the fire after it was discovered. The prosecution further proffered testimony concerning investigations regarding the cause of the fire which indicated that while accelerants were not confirmed, the probable cause of the fire was arson.

Defendant testified on his own behalf and presented testimony of acquaintances and relatives. He contended that he was at his home at the time that the fire began and denied ever making a confession to Williams. Witnesses for the defense attempted to show that Williams had a poor reputation for veracity and had previously admitted to them that he would "never go back to jail again and if he had to, he would throw any friend he had in, to get out of trouble".

The jury ultimately returned a verdict finding defendant guilty of all crimes charged and defendant was thereafter sentenced to concurrent prison terms of 25 years to life. On this appeal, defendant contends that the verdict is not supported by legally sufficient evidence, is against the weight of the evidence, and that his sentence is harsh and excessive. We disagree.

Mindful that where, as here, the case against a defendant is based largely upon the testimony of a third party concerning an admission or confession made by the defendant, CPL 60.50 mandates that the testimony be corroborated. The Court of Appeals has made it clear that there need only be evidence apart from the defendant's confession or admission establishing the fact that the offense has been committed (*People v Lipsky*, 57 NY2d 560, 571). We reject defendant's assertion that the strict corroboration requirements applicable to accomplice testimony are relevant here since Williams was not

acting as an accomplice *(see, People v Ford,* 174 AD2d 853, *lv denied* 78 NY2d 955). Hence, "[e]vidence in addition to the confession is * * * sufficient 'even though it fails to exclude every reasonable hypothesis save that of guilt' " *(People v Lipsky, supra,* at 571, quoting *People v Cuozzo,* 292 NY 85, 92; *see, People v Fiacco,* 132 AD2d 887, 888-889, *lv denied* 70 NY2d 874).

Here, in addition to defendant's confession and evidence of the fire and the deaths of two individuals, the evidence further established defendant's presence at the scene and a motive. Thus, we conclude that there was a valid line of reasoning which could lead the jury to the conclusion it reached, that of guilty, on the basis of the trial evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Furthermore, viewing the evidence in the light most favorable to the prosecution, we find no merit to defendant's claim that the evidence was insufficient to sustain his conviction *(see, People v Jackson,* 65 NY2d 265; *People v Pierce,* 150 AD2d 948, *lv denied* 74 NY2d 817; *People v Hemphill,* 124 AD2d 862, *lv denied* 69 NY2d 828).

As to defendant's contention that the jury verdict was not supported by the weight of the evidence, again we disagree. Noting that we must examine the evidence and, if based thereon, we could conclude that a different result would not have been unreasonable, our role becomes, like the trier of fact below, one of weighing the " 'relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " *(People v Bleakley, supra,* at 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62). If, upon our review, "it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then [we] may set aside the verdict" *(People v Bleakley, supra,* at 495). Our review, however, must be mindful that the jury had the opportunity to view the witnesses, hear testimony and observe their demeanor *(see, supra).*

The jury had the opportunity to hear the testimony of defendant as well as members of his family and acquaintances. Williams was cross-examined at length and his criminal record was brought to the attention of the jury. Our review of the evidence leads us to conclude that the jury, in assessing the credibility of the respective witnesses, could have reasonably found that defendant was not guilty of the crime charged, yet we cannot conclude that the verdict was against the weight of the credible evidence *(see, People v*

*Coneen,* 191 AD2d 839, *lv denied* 81 NY2d 1012). To come to such conclusion, we would have had to find that Williams' testimony was "so unworthy of belief as to be incredible as a matter of law" *(People v Carthrens,* 171 AD2d 387, 392).

Finally, we reject defendant's contention that his sentence is harsh and excessive. We will not reduce a sentence unless extraordinary circumstances are presented or we could find that the trial court abused its discretion *(see, People v Longo,* 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). Here, with the jury having determined that defendant set fire to a dwelling causing the deaths of two individuals, we cannot agree that extraordinary circumstances exist or that the trial court abused its discretion.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.