■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELISA B. MEREDITH and W. BRUCE LORING, Appellants. [682 NYS2d 250] —Cardona, P. J. Appeals from two judgments of the County Court of Columbia County (Leaman, J.), rendered December 1, 1997, convicting defendants upon their pleas of guilty of the crime of criminal facilitation in the fourth degree.

Defendants were employed by Recovery Counseling Associates, Inc., a provider of outpatient alcohol rehabilitation services, during a time when it was discovered that fraudulent claims had been submitted by the corporation for Medicaid reimbursement. On September 15, 1997, defendants waived indictment and pleaded guilty to the crime of criminal facilitation in the fourth degree as charged in a superior court information. On December 1, 1997, they were sentenced to intermittent sentences of six months in jail commencing December 5, 1997 at 9:00 A.M. and continuing until June 1, 1998 at 9:00 A.M., and directed to pay restitution. County Court ordered defendants to begin serving their sentences on December 5, 1997, but failed to articulate the specific dates and times the sentences would be served stating only that defendants would later be released to pursue employment or for other purposes deemed appropriate by the court. On December 3, 1997, upon proof of employment by defendant Elisa B. Meredith, County Court directed her to serve her intermittent sentence each weekend beginning Fridays at 11:00 P.M. and ending Sundays at 5:00 P.M., starting December 5, 1997. With respect to defendant W. Bruce Loring, the court acknowledged that he was unemployed and agreed to adjourn the matter to permit him to find suitable employment. Furthermore, the court ordered him to surrender himself to begin serving his sentence at 7:00 P.M. on December 5, 1997, noting that he would be released at 9:00 A.M. on December 8, 1997. On December 26, 1997, following various adjournments and Loring's inability to obtain employment suitable to the court, County Court modified the terms of Loring's incarceration by ordering him to present himself at the jail by 7:00 P.M. on Thursdays and remain until 9:00 A.M. on Tuesdays. Defendants appeal contending, *inter alia*, that County Court improperly modified Loring's intermittent sentence and that the sentences imposed were harsh and excessive.*

Initially, we do not find that defendants waived their right to appeal the issues raised herein. We note that the legality of a sentence is an issue that survives appeal irrespective of a defendant's execution of a waiver of appeal (*see, People v Calla-*

---

* Both defendants are out on bail pending appeal.

*han*, 80 NY2d 273, 280). Consequently, the issues concerning the legality of defendants' sentences are properly before us. In addition, we do not find that defendants waived their right to claim that their sentences are harsh and excessive. A review of the transcripts of the plea proceedings reveals that neither defendant articulated a waiver of their right to appeal. Although there are references to written plea agreements at various points in the record, the substance of the agreements is unclear and not incorporated in the record. Furthermore, County Court acknowledged during sentencing that certain unspecified issues survived defendants' waiver of their right to appeal. In view of the foregoing, we are unable to conclude that defendants waived their right to appeal the alleged harsh and excessive nature of their sentences (*compare, People v Hidalgo*, 91 NY2d 733, 737).

Turning to the legality of Loring's sentence, we note that Penal Law § 85.00 (4) sets forth the requirements a sentencing court must follow in imposing an intermittent sentence of imprisonment. One of the conditions is that the court must set forth the specific days or parts thereof on which the sentence is to be served (*see*, Penal Law § 85.00 [4] [a] [iii]). Based upon our review of the record, we do not find that County Court delineated the days or parts thereof that Loring was to serve his sentence prior to the commencement date of the sentence or made it clear that Loring was to serve the sentence only on weekends. Therefore, we conclude that the sentence imposed upon Loring was invalid and the matter must be remitted to County Court for resentencing. In view of our disposition, we need not address Loring's claim that County Court improperly modified his intermittent sentence. We do note, however, that if this sentence was valid, it could not have been modified after it commenced unless one of the conditions under Penal Law § 85.05 (1) was met.

Regarding the sentence County Court imposed upon Meredith, we note that there are various factors that militate in favor of a more lenient sentence, including the fact that she has no prior criminal record and also expressed remorse for her actions. Furthermore, numerous letters were sent on her behalf attesting to her good character and valuable community service. Nevertheless, the record discloses that County Court considered all relevant factors in imposing the intermittent sentence and, therefore, we find no abuse of discretion nor do we conclude that extraordinary circumstances exist warranting a reduction of the sentence in the interest of justice (*see generally, People v Hearn*, 248 AD2d 889). We further note that it is

not clear from the record whether County Court, in fact, reserved the right to modify Meredith's sentence after it commenced based upon factors it deemed appropriate, such as a change in her employment. Inasmuch as there is no authority for the future modification of a sentence on grounds other than those set forth in Penal Law § 85.05 (1), such a reservation would be improper.

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the judgment in case No. 10398 is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5). Ordered that the judgment in case No. 10399 is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Columbia County for resentencing defendant W. Bruce Loring and for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.