■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY W. WEST, Appellant. [684 NYS2d 24] —Mercure, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered November 12, 1997, upon a verdict convicting defendant of the crimes of rape in the first degree,

sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

On April 22, 1996, defendant left a social gathering at his sister's home; he was accompanied only by his girlfriend's seven-year-old daughter. When the two arrived home approximately one hour later, the child was crying, her vagina was red, she had mud on the front of her legs, her buttocks and her underwear, and a scratch under her arm. The police were contacted and the child was taken to the hospital, where she was examined by a physician and a Child Protective Services supervisor. Defendant was taken into custody and made oral and written admissions wherein he acknowledged touching the child's vagina, rubbing his penis against "the outside of her vagina" and then ejaculating on her stomach. Defendant was indicted for rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child. A jury convicted defendant of all four counts and he was sentenced as a persistent violent felony offender to concurrent prison terms aggregating 25 years to life.

Defendant appeals, primarily contending that the jury's verdict finding him guilty of rape in the first degree and sodomy in the first degree was unsupported by legally sufficient evidence and was against the weight of the credible evidence. We disagree. Even under the heightened standard applicable in circumstantial evidence cases (*see, People v Ford*, 66 NY2d 428, 441), we conclude that, viewing the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] [of rape in the first degree and sodomy in the first degree]" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932). In addition, viewing the evidence in a neutral light and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra*, at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62; *see, People v Moore*, 170 AD2d 847, 848, *lv denied* 77 NY2d 998), the jury's verdict was not against the weight of the evidence.

Although the victim did not testify at trial and defendant made no admission that he penetrated her vagina (*see*, Penal Law § 130.00 [1]) or caused his penis to make contact with her

anus (*see*, Penal Law § 130.00 [2]), the People presented ample trial evidence in support of those elements. The physician who examined the victim after the incident testified that the victim's genital area was not normal in that the entire area was very dirty, and material appearing to be dirt or fecal matter was found on the victim's external genital region, around her rectum and on the inside of both of her legs. Significantly, similar material (which the physician ultimately concluded was feces) was also found inside the victim's vagina. According to the physician, the presence of dirt or feces in the vagina is a "highly abnormal" condition, leading her to the opinion that something had pushed the material up into the victim's vagina. Even more telling, forensic tests of vaginal and rectal swabs and of the victim's underpants were all positive for the presence of semen. Although DNA testing of the scant available sperm proved inconclusive, defendant was by no means excluded as the source. In our view, defendant's exculpatory trial testimony and his speculation that the sperm may have migrated from the victim's stomach into her vagina and rectum, that seminal fluid may have been pushed into the victim when defendant wiped her off with a cloth or that the semen could have been the product of the victim's prior sexual encounter with another male do not raise a serious question as to the legal sufficiency of the trial evidence or the weight to be afforded it.

Finally, we have considered the contentions advanced in defendant's *pro se* brief and find them to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.