■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL M. ROACH, Appellant. [693 NYS2d 312] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Sheridan, J.), rendered June 29, 1998, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant, having been convicted of rape in the first degree and sentenced to a determinate sentence of 10 years, appeals, contending that the verdict was against the weight of the evidence. We disagree and affirm. It is axiomatic that in considering defendant's contention, we must view the evidence in a neutral light, make our own determination of the relative probative value of the inferences that may be drawn from the trial testimony and determine if the jury failed to give the evidence the weight it should have been accorded, giving due deference to the reasonable inferences that the jury could have drawn therefrom (*see, People v Bleakley*, 69 NY2d 490, 495). Here, the conflicting testimony offered by the victim and defendant presents a classic credibility issue. Inasmuch as the victim's account of the rape is not contradicted by any compelling evidence offered by defendant (*see, People v Hobot*, 200 AD2d 586, 594, *affd* 84 NY2d 1021), we surely cannot find that the victim's testimony is " 'so unworthy of belief as to be incredible as a matter of law' " (*People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805, quoting *People v Carthrens*, 171 AD2d 387, 392). Accordingly, we cannot say that the jury, having had the opportunity to view the witnesses, listen to their testimony and observe their demeanor, failed to give the evidence the weight it should be accorded (*see, People v Wright, supra*, at 761).

Mercure, J. P., Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.