■ The People of the State of New York, Respondent, v Brian T. Chapin, Appellant. [697 NYS2d 713] —Graffeo, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 17, 1998, upon a verdict convicting defendant of the crimes of rape in the second degree and incest.

The criminal charges brought against defendant stemmed from alleged sexual abuse of his oldest daughter beginning in November 1995 when the child was 13 years of age. Defendant was indicted for one count of rape in the second degree, five counts of rape in the third degree and six counts of incest. Following a jury trial, defendant was convicted of one count of rape in the second degree and one count of incest. He was sentenced to concurrent indeterminate terms of imprisonment of 1 1/3 to 4 years for the rape conviction and 1 to 3 years for his incest conviction.

Defendant now appeals, primarily contending that the evidence was not legally sufficient to establish the crimes for which he was convicted. The determination of whether a verdict is supported by legally sufficient evidence is based on "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495). Here, defendant's daughter, who was 15 years of age at the time of trial, testified that the initial sexual activity occurred after defendant entered the bathroom and asked if she would help him. She relayed how defendant proceeded to inappropriately touch her and engaged in intercourse with her after he bent down and moved her to the edge of the toilet seat. Her testimony described two additional bathroom sexual encounters and other instances when defendant had intercourse with her on the couch, in her bedroom and in his bedroom. The victim claimed that she subsequently confided in her best friend about the first time her father had sex with her in the bathroom, which eventually resulted in her mother disbelieving her allegations and her father denying such conduct. After she contacted the Women's Center, the St. Lawrence County Sheriff's Department became involved in the case. During the investigation and at trial, defendant denied engaging in any improper conduct with his daughter.

Viewing the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we find that the evidence presented was legally sufficient to support the crimes charged. Although defendant disputed the charges and his daughter's testimony contained contradictions, particularly with respect to the frequency of sexual contact, the evidence could lead a rational person to conclude that defendant had sexual intercourse with his daughter who was less than 14 years old, thereby satisfying the charges of rape in the second degree (*see*, Penal Law § 130.30) and incest (*see*, Penal Law § 255.25). Defendant's exculpatory testimony raised credibility issues which the jury, as the trier of fact, resolved in favor of the People (*see, People v Hubert [King]*, 238 AD2d 745, 746, *lvs denied* 90 NY2d 859, 860; *People v Kilburn*, 184 AD2d 914, 915, *lvs denied* 80 NY2d 975, 81 NY2d 763).

Reaching a similar conclusion, we also reject defendant's assertion that the jury's verdict was against the weight of the evidence. After examining the evidence in a neutral light and weighing the conflicting testimony and inferences (*see, People v Bleakley, supra*, at 495; *People v Carroll*, 263 AD2d 768; *People v West*, 257 AD2d 767, *lv denied* 93 NY2d 880), we conclude that the evidence is sufficient to establish defendant's guilt beyond a reasonable doubt. Despite the inconsistencies in the victim's testimony, we find no reason to disturb the jury's assessment of credibility which deemed the victim's testimony worthy of belief. Hence, "we cannot say that the jury, having had the opportunity to view the witnesses, listen to their testimony and observe their demeanor, failed to give the evidence the weight it should be accorded" (*People v Roach*, 263 AD2d 763).

Defendant's next contention that he was deprived of a fair trial based on improper remarks made by the prosecution during closing arguments is unpersuasive. Although the remarks characterizing defendant as a "predator" were inappropriate, the conduct was not so egregious to warrant reversal in light of the totality of the evidence and County Court's provision of curative instructions (*see, People v Halm*, 180 AD2d 841, *affd* 81 NY2d 819).

Lastly, notwithstanding the numerous letters sent on defendant's behalf attesting to his good character (*see, People v Meredith*, 256 AD2d 641), defendant's sentences were not unduly harsh and excessive as they were within permissible statutory ranges, there was no manifestation that the sentencing court abused its discretion and no extraordinary circumstances existed warranting modification (*see, People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Defendant's remaining contentions, including his assertion that his daughter's recitation of the occurrence in the bathroom was physically impossible, have been considered and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.