■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARTWELL SYLVERS, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the prosecutor's questions on cross-examination and his comments on summation impermissibly injected the issue of race and were so prejudicial that they deprived defendant of a fair trial. The prosecutor's questions on cross-examination were directed to the matters first brought up by defendant on his direct examination and were designed to dispel defendant's contention that, even though the complainant agreed to accompany defendant home, he left the tavern before she did and waited for her outside because he, a black man, was afraid to be seen leaving the tavern with a white woman.

The trial court's finding that the complainant did not voluntarily submit to sexual contact by defendant was supported by the weight of the evidence. The evidence shows that, when defendant left the room, the complainant ran out the front door of the house and defendant ran after her and took her back into the house where he attacked her sexually. In the encounter, she suffered bruises and scratches which were later observed by a physician.

Defendant contends that the court's verdict of not guilty of rape in the first degree and guilty of sexual abuse in the first degree was repugnant and requires reversal. He contends that the only evidence of sexual contact was the testimony that defendant engaged in sexual intercourse with complainant and, therefore, there was no reasonable view of the evidence from which the trial court could have found defendant not guilty of rape, but guilty of sexual abuse. In determining whether a verdict is repugnant, the court must look only at the essential elements of the crime. Where there has been a jury trial, "a conviction will be reversed only in those in-

stances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" *(People v Tucker,* 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039). It is possible for a defendant to commit sexual abuse, requiring as an element only a sexual touching, without committing rape, requiring penetration.

We need not consider whether a different test should apply in the case of a bench trial *(see, People v Tucker, supra,* at 6-7, n 3). Because defendant did not object at the time of trial and did not move pursuant to CPL 330.30, he did not preserve the issue of repugnancy of the verdict for appellate review *(see, People v Alfaro,* 66 NY2d 985, 987). (Appeal from judgment of Supreme Court, Erie County, Celli, J.—sexual abuse, first degree; unlawful imprisonment, second degree.) Present— Doerr, J. P., Boomer, Green, Pine and Davis, JJ.