■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ETRICE DUKES, Appellant. [788 NYS2d 229]—

Lahtinen, J. Appeal from a judgment of the County Court of

Schenectady County (Hoye, J.), rendered April 21, 2003, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and robbery in the second degree.

Defendant waived indictment and pleaded guilty to charges of robbery in the first degree and robbery in the second degree in exchange for a sentence (as a second felony offender) to consecutive prison terms of eight years and five years for the respective crimes, with five years of postrelease supervision. He also waived his right to appeal. Defendant was sentenced in accordance with the terms of the plea agreement and now appeals.

Defendant argues that he was improperly sentenced as a second felony offender. A challenge to the legality of a sentence survives despite a waiver of the right to appeal (*see People v Miller*, 284 AD2d 724, 725 [2001], *lvs denied* 97 NY2d 678, 685 [2001]). At sentencing, defendant initially questioned that part of the People's statement made pursuant to CPL 400.21 indicating that the prior felony, which was from Delaware, involved possession of heroin. He recalled it was marihuana. After consultation between defendant and his counsel, defense counsel stated that defendant waived any objection regarding the unlawful substance involved in the Delaware crime. Thereafter, in response to specific questioning by County Court, defendant acknowledged a prior felony conviction and declined the court's invitation for a hearing on the issue. To the extent that there was any error in the People's CPL 400.21 statement, "defendant waived strict compliance by acknowledging the prior felony conviction in open court and not objecting to County Court's finding as to the prior conviction" (*People v Kennedy*, 277 AD2d 814, 815 [2000], *lv denied* 96 NY2d 760 [2001]; *see People v Crippa*, 245 AD2d 811, 812 [1997] [1998], *lv denied* 92 NY2d 850 [1998]).

Defendant asserts that the order of commitment imposes five years of postrelease supervision on each of the two crimes, whereas the sentence required only one such five-year period. While the order of commitment may not be free from ambiguity on this issue, the sentence imposed by County Court was clear and the People acknowledge in their brief submitted to this Court that defendant is required to serve only one five-year term of postrelease supervision. Moreover, Penal Law § 70.45 (5) (c) provides that "[w]hen a person is subject to two or more periods of post-release supervision, such periods shall merge with and be satisfied by discharge of the period of post-release supervision having the longest unexpired time to run." Under such circumstances, there is no need to remit for clarification (*cf. People v Jenkins*, 300 AD2d 751, 753-754 [2002], *lv denied* 99 NY2d 615 [2003]).

The remaining arguments, to the extent they survive the waiver of appeal, have been considered and found unpersuasive.

Mercure, J.P., Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.