(March 28, 2013)

■ The People of the State of New York, Respondent, v David W. Hayes, Appellant. [962 NYS2d 443]—

Spain, J. Appeal from a judgment of the County Court of Saratoga County (Drago, J.), rendered August 14, 2009, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (four counts), course of sexual conduct against a child in the second degree, sexual abuse in the second degree (12 counts), sexual abuse in the third degree (four counts) and endangering the welfare of a child.

In January 2008, the victim, then age 15, disclosed to one of her parents that defendant had been subjecting her to sexual contact by touching her breasts and vaginal area. Defendant, a 39-year-old relative of the victim, was employed in a position in which he traveled frequently—for weeks or months at a time— and, when not deployed out of town, he lived with the victim's family during periods ranging from days to months. Upon defendant's return to the area from a business trip, he was questioned by investigators with the State Police, received *Miranda* warnings and made certain admissions; he signed a written statement and was arrested. Subsequently, defendant was indicted on the following 31 criminal counts alleging sexual contact perpetrated against the victim from the winter of 2002-2003, when the victim was 10 years of age, up until the fall of 2007, when the victim was 15 years of age: four counts of first degree sexual abuse (victim under age 11); 10 counts of course of sexual conduct against a child in the second degree (victim less than 11 or 13); 12 counts of second degree sexual abuse (victim under age 14); four counts of third degree sexual abuse (nonconsensual sexual contact); and endangering the welfare of a child.

Defendant's motion to suppress his statements to police was denied. At the close of proof at trial, upon the People's motion, count 8[1] of the indictment charging course of sexual conduct against a child in the second degree was amended (to expand the dates[2]) and the remaining nine counts of course of sexual conduct against a child were dismissed (i.e., counts 5-7, 9-14). The victim, her mother, the investigators and defendant testified. Defendant was convicted by a jury of the remaining 22

---

1. For ease of reference, we will use the number assigned to each count in the indictment and verdict sheet.

2. The amendment to count 8 expanded the original time frame of winter 2003-2004 by adding the period up to and including summer 2005, thereby absorbing the time periods alleged in counts 9-13, which also charged course of sexual conduct against a child in the second degree; counts 5-7 and 9-14 were then dismissed.

counts and sentenced to an aggregate prison term of 12 years to be followed by postrelease supervision. Defendant now appeals.

Initially, as the People now concede, defendant's convictions of sexual abuse in the second degree under counts 15-21 of the indictment must be dismissed as inclusory concurrent counts of amended count 8. Counts 15-21 and amended count 8 cover the same time period: winter 2003-2004 through summer 2005. Amended count 8, course of sexual conduct against a child in the second degree, as charged to the jury,[3] required proof that over a period of not less than three months, defendant, being 18 years old or more, engaged in two or more acts of sexual contact with a child less than 13 (see Penal Law §§ 130.00 [3]; 130.80 [1] [b]). Likewise, sexual abuse in the second degree as charged in counts 15-21 required proof that defendant subjected a child less than 14 to sexual contact (see Penal Law § 130.60 [2]). Given that it was, here, "impossible to commit [the greater crime] without concomitantly committing, by the same conduct, [the lesser offense]" (CPL 1.20 [37]; see People v Beauharnois, 64 AD3d 996, 999-1000 [2009], lv denied 13 NY3d 834 [2009]), the sexual abuse counts (15-21) covering the same time period against the then under age 13 victim are lesser included offenses of amended count 8 charging course of sexual conduct against a child (see CPL 300.30 [4]). While defendant did not preserve this issue at trial by objecting to County Court's failure to submit the lesser charges "in the alternative only" (CPL 300.40 [3] [b]), as a matter of law "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (CPL 300.40 [3] [b]; see People v Cordato, 85 AD3d 1304, 1307 [2011], lv denied 17 NY3d 815 [2011]; People v Beauharnois, 64 AD3d at 999-1000; People v Horton, 46 AD3d 1225, 1227 [2007], lv denied 10 NY3d 766 [2008]). Thus, we modify the judgment by reversing defendant's convictions under counts 15, 16, 17, 18, 19, 20 and 21 for sexual abuse in the second degree, and those counts of the indictment must be dismissed (see People v Grier, 37 NY2d 847, 848 [1975]).

Next, defendant argues that all counts charging sexual abuse in the first degree (counts 1-4) and sexual abuse in the second degree (15-26[4]) should have been dismissed as duplicitous on the ground that while they were facially valid, the victim testi-

---

**3.** Upon agreement of the parties, the charge to the jury under amended count 8 alleged only that defendant subjected the victim to "sexual contact" (Penal Law § 130.00 [3]) and did not include the broader elements of "sexual conduct" (Penal Law § 130.00 [10]).

**4.** As counts 15-21 are dismissed herein as lesser included offenses, counts 1-4 and 22-26 are the subjects of defendant's duplicity claim.

fied at trial to multiple instances of sexual contact during each charged period (*see* CPL 200.30 [1] [each count "may charge one offense only"]; *People v Black*, 65 AD3d 811, 813 [2009], *lv denied* 13 NY3d 905 [2009]). This claim is unpreserved for our review, as defendant did not specifically raise it by appropriate objection either in his pretrial motion to dismiss the indictment[5] or at trial[6] (*see* CPL 470.05), and preservation rules apply to duplicity claims (*see People v Becoats*, 17 NY3d 643, 650-651 [2011], *cert denied* 566 US —, 132 S Ct 1970 [2012]). We decline to take corrective action in the interest of justice (*see* CPL 470.15 [3] [c]) given that the indictment as a whole (implicitly) and the bill of particulars (expressly) reflect that the victim alleged two or more instances of sexual contact[7] for the time periods covered in each count of sexual abuse in the first and second degrees (*see People v Wright*, 22 AD3d 873, 875 [2005], *lv denied* 6 NY3d 761 [2005]; *see also People v Van Ness*, 43 AD3d 553, 554 [2007], *lv denied* 9 NY3d 965 [2007]). The defense, having unsuccessfully raised other duplicity claims prior to trial, nonetheless proceeded to trial without objection (*see People v Becoats*, 17 NY3d at 651). Had a timely objection on this specific ground been raised, the People would have had an opportunity, prior to or during trial, to amend the indictment or bill of particulars (*see* CPL 200.70 [1]; 200.95 [8]; 210.20 [3] [a defendant must raise all possible grounds challenging an indictment in his or her pretrial motion]; 255.20).

The balance of defendant's convictions[8] were supported by legally sufficient evidence and were not against the weight of credible evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's challenge to the legal sufficiency of the evidence focuses on the proof that his sexual contact with the victim's "sexual or other intimate parts" was "for the purpose

---

**5.** Defendant's pretrial motion for duplicity was premised on Penal Law § 130.80 (2), which bars a *subsequent* prosecution for sex offenses occurring in the same time period as a course of sexual conduct against a child conviction. Moreover, defendant only specifically requested dismissal of counts 5-14 for course of sexual conduct against a child and did not specifically request dismissal of the sex abuse counts.

**6.** After County Court granted the People's motion to amend count 8 and to dismiss all of the remaining course of sexual conduct counts at the close of proof, defense counsel broadly "move[d] to dismiss all of the counts as duplicitous," objecting to amending the indictment. Defense counsel did not argue that the sexual abuse counts were duplicitous based upon the victim's trial testimony.

**7.** The multiple instances of sexual contact for each period were alleged either in the individual sexual abuse counts themselves or in the corresponding course of sexual conduct against a child count for that same time period.

**8.** Here, we address the remaining counts, 1-4, 8 and 22-31.

of gratifying sexual desire of either party" (Penal Law § 130.00 [3]), an element of course of sexual conduct against a child in the second degree (count 8), as well as sexual abuse in the first degree (counts 1-4), sexual abuse in the second degree (counts 22-26) and sexual abuse in the third degree (counts 27-30). The victim testified that initially, during the first two specified seasons, defendant touched her breasts and vaginal area with his hands over her clothes and, thereafter, he touched her under her clothes; this occurred in her mother's or her own bed or in the bathroom, usually when no one else was at home and occasionally when another family member was asleep in another room. Her testimony regarding defendant's disturbing statements to her during sexual contact when she told him to stop (he refused) strongly supports the inference that it was for the purpose of defendant's sexual gratification (see People v Watson, 281 AD2d 691, 697-698 [2001], lv denied 96 NY2d 925 [2001]). When confronted by investigators, defendant admitted that the victim's allegations may be "all true," that he may have had inadvertent contact with the victim's breasts and vagina while laying down with her while hugging her or rubbing her shoulders, thighs and neck; he claimed that it was done in a nonsexual way but he "[did not] remember everything" and may have "blacked out" and he did not think she was lying. Given the foregoing, defendant's sexual gratification motive can be readily inferred from his conduct in subjecting the young victim to repeated unwanted touching of her intimate parts (see People v King, 79 AD3d 1277, 1279 [2010], lv denied 16 NY3d 860 [2011]; People v Weber, 40 AD3d 1267, 1268 [2007], lv denied 9 NY3d 927 [2007]; People v Watson, 281 AD2d at 697-698). Viewing the evidence in the light most favorable to the People (see People v Cabey, 85 NY2d 417, 420 [1995]) and giving them the benefit of every favorable inference (see People v Bleakley, 69 NY2d at 495), we find the evidence to be legally sufficient to support all of the convictions.

With regard to defendant's challenge to the weight of the evidence, which relies on his testimony denying the allegations of sexual contact and disavowing much of his signed statement to police, we accord deference to the jury's determination to credit the victim's account (see People v Bleakley, 69 NY3d at 495). Upon exercising our factual review power, we find that the jury properly rejected defendant's testimony and implausible explanations, and properly drew the inference that defendant's conduct was for the purpose of sexual gratification (see People v Stewart, 57 AD3d 1312, 1315 [2008], lv denied 12 NY3d 788 [2009], cert denied 558 US 1116 [2010]). While the victim could not recall a lot of details about each of the incidents, many of

which had occurred years earlier—beginning when she was 10 years old—and there was no physical or other evidence to corroborate her testimony, these shortcomings were fully explored at trial. The victim's testimony that defendant had subjected her to this repeated sexual contact in her home for each time period charged—while terse and restrained—was unshaken, even upon cross-examination; the jury was entitled to believe her, and to discredit defendant's contrary testimony and efforts to undermine admissions in his signed statement to police. The verdict was supported by the weight of the credible evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

Finally, we must remit for resentencing only with regard the periods of postrelease supervision on counts 1-4. Upon defendant's convictions on those counts for sexual abuse in the first degree, County Court imposed four determinate consecutive sentences with an aggregate of 12 years, with three years of postrelease supervision on each. The record reflects that those periods of postrelease supervision were apparently imposed consecutively. By statute, "[w]hen a person is subject to two or more periods of post-release supervision, such periods *shall merge* with and be satisfied by discharge of the period of postrelease supervision having the longest unexpired time to run" (Penal Law former § 70.45 [5] [c] [emphasis added]; *see People v Kennedy*, 78 AD3d 1477, 1479 [2010], *lv denied* 16 NY3d 798 [2011]). Thus, the postrelease supervision terms merge (*see People v Johnson*, 76 AD3d 1103, 1105 [2010], *lv denied* 16 NY3d 832 [2011]). Ordinarily, we would simply indicate that the terms of postrelease supervision merge (*see e.g. People v Passino*, 104 AD3d 1060 [2013] [decided herewith]; *People v Dukes*, 14 AD3d 732, 733 [2005], *lv denied* 4 NY3d 885 [2005]). Here, however, remittal is necessary because the court indicated its overall objective to impose the maximum period of postrelease supervision, but did not do so properly. Sexual abuse in the first degree under counts 1-4 is a class D violent felony offense (*see* Penal Law former § 70.02 [1] [c]; former § 70.80 [1] [b]) for which a term of between 3 and 10 years of postrelease supervision must be imposed upon the determinate sentences herein (*see* Penal Law former § 70.45 [2-a] [d]); the court imposed separate terms of three years of postrelease supervision on each sentence under counts 1-4, but impermissibly achieved its objective by making them consecutive. Thus, we must remit to allow the court to clarify the appropriate terms of postrelease supervision on counts 1-4.

We have fully examined defendant's remaining contentions and find them to lack merit, including his challenges to County

Court's rulings regarding the defense's cross-examination of the victim, and conclude that there was no improper deprivation of defendant's right to confront witnesses, to present a defense or to test witness credibility.

Rose, J.P., Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing (1) defendant's convictions of sexual abuse in the second degree under counts 15, 16, 17, 18, 19, 20 and 21 of the indictment and (2) so much of the sentence as imposed periods of postrelease supervision under counts 1, 2, 3 and 4 of the indictment; counts 15, 16, 17, 18, 19, 20 and 21 dismissed, the sentences imposed thereon vacated, and matter remitted to the County Court of Saratoga County for resentencing of the periods of postrelease supervision on counts 1, 2, 3 and 4; and, as so modified, affirmed.