■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL W. PASSINO JR., Appellant. [962 NYS2d 461]—

Egan Jr., J. Appeals (1) from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 2, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree and the violation of driving while ability impaired, and (2) from a judgment of said court, rendered September 2, 2010, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

In April 2009, defendant waived indictment and pleaded guilty to a superior court information charging him with criminal possession of a controlled substance in the fifth degree and driving while ability impaired. In connection with his plea, defendant was to be sentenced to five years of probation—provided he first complied with the terms of a one-year period of interim probation supervision. Failure to abide by the enumerated terms and conditions of such probation would expose defendant to a prison term of up to 2¹/₂ years.

Less than one year later, defendant was charged in a 12-count indictment with various drug-related offenses and, in full satisfaction thereof, pleaded guilty to criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree. Pursuant to the underlying plea agreement, defendant was sentenced to an aggregate prison term of seven years and a period of postrelease supervision. Based upon that same conduct, defendant was found to have violated the terms of his interim probation and was sentenced to 2¹/₂ years in prison followed by one year of postrelease supervision, said sentence to run consecutively to the sentences imposed upon the indicted charges. These appeals by defendant ensued.

We affirm. Although County Court attempted to impose consecutive periods of postrelease supervision, "the periods of postrelease supervision imposed [up]on [defendant's] consecutive terms of imprisonment 'shall merge with and be satisfied by discharge of the period of post[ ]release supervision having the longest unexpired time to run' " (*People v VanValkinburgh*, 90 AD3d 1553, 1554 [2011], quoting Penal Law § 70.45 [5] [c]; *see People v Nelson*, 46 AD3d 932, 933 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Dukes*, 14 AD3d 732, 732 [2005], *lv denied* 4 NY3d 885 [2005])—here, two years. Accordingly, we need not remit for clarification or other corrective action (*see People v Dukes*, 14 AD3d at 732).

Defendant's challenge to the validity of his respective waivers of the right to appeal is similarly unavailing, as the record reflects that County Court adequately explained the nature of the rights being forfeited and defendant executed detailed written waivers in open court (*see People v Revette*, 102 AD3d 1065, 1065 [2013]). Having validly waived his right to appeal his convictions and sentences, defendant is precluded from now arguing that the sentences imposed were harsh and excessive (*see People v Ferro*, 101 AD3d 1243, 1244 [2012]).

Nor are we persuaded that defendant should be permitted to withdraw his plea to the superior court information because restitution was not part of the underlying plea agreement (*see generally People v Gantt*, 63 AD3d 1379, 1379-1380 [2009]). Notwithstanding the limitations otherwise imposed by CPL 430.10, "[a] court has the inherent power to correct its mistake in sentencing a defendant where the mistake is clear from the record and the correction fully comports with the expectations of the parties at the time of sentencing" (*People v Jackson*, 59 AD3d 971, 972 [2009], *lv denied* 12 NY3d 854 [2009]; *see People v Richardson*, 100 NY2d 847, 850-851 [2003]). Here, it is apparent that County Court simply misspoke when it initially ordered restitution with respect to defendant's conviction of criminal possession of a controlled substance in the fifth degree and, upon realizing its error, the court verified that "there was no restitution [awarded] in this matter" and directed that an amended sentence and commitment order be issued omitting any reference thereto. County Court's clarification in this regard was entirely permissible and, therefore, defendant's argument on this point must fail. Defendant's related challenge to the imposition of the statutory surcharge also is unpersuasive, as "we do not require that a defendant be advised, prior to his or her plea, that the statutory surcharge is a part of the sentence" (*People v Fauntleroy*, 57 AD3d 1167, 1168 [2008] [internal quota-

tion marks and citation omitted]). We have examined defendant's remaining contentions and find them to be lacking in merit.

Peters, P.J., Lahtinen and McCarthy JJ., concur. Ordered that the judgments are affirmed.