*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                107454
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ANTONIO LOPEZ BAUTISTA,
                        Appellant.
_____

Calendar Date:  January 13, 2017

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

        Robert Gregor, Lake George, for appellant, and appellant
pro se.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W.
Eddy of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered July 29, 2013, upon a verdict
convicting defendant of the crimes of assault in the second
degree (two counts), attempted kidnapping in the second degree,
sexual abuse in the first degree and criminal obstruction of
breathing or blood circulation.

        At roughly 2:30 a.m. on May 22, 2012, the victim drove her
husband to a restaurant that he had been hired to clean.  As was
their custom, the victim waited in the vehicle while her husband
went inside the restaurant to turn on the lights and deactivate
the alarm.  As the victim sat alone in the vehicle, defendant
opened the driver side door, pulled the victim out of the vehicle

and repeatedly punched her.  Defendant then dragged the victim to a sidewalk roughly 58 feet away, where he pinned the victim to the ground, continued to punch her, removed her shirt and bra, pulled her pants and underwear partially down and grasped her throat.  The police, prompted by 911 calls, arrived during the attack, and defendant fled.  Defendant was ultimately found hiding in nearby bushes.

Thereafter, defendant was charged with assault in the first degree, robbery in the first degree, attempted rape in the first degree, attempted kidnapping in the second degree, robbery in the second degree, sexual abuse in the first degree, two counts of assault in the second degree and criminal obstruction of breathing or blood circulation.  Following a nine-day jury trial, defendant was convicted of attempted kidnapping in the second degree, both counts of assault in the second degree, sexual abuse in the first degree and criminal obstruction of breathing or blood circulation.  County Court sentenced defendant to an aggregate prison term of 11 years, followed by 10 years of postrelease supervision.  Defendant appeals.

Defendant challenges his conviction for sexual abuse in the first degree as being unsupported by legally sufficient evidence and as against the weight of the evidence.  As relevant here, a conviction for sexual abuse in the first degree requires proof that the defendant, by forcible compulsion, subjected another person to sexual contact (see Penal Law § 130.65 [1]).  Sexual contact, in turn, is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" and includes, among other things, "the touching of the victim by the actor, whether directly or through clothing" (Penal Law § 130.00 [3]).  Whether a defendant's actions were motivated by a desire for sexual gratification can be inferred from the defendant's conduct, as well as the surrounding circumstances (see People v Hayes, 104 AD3d 1050, 1054 [2013], lv denied 22 NY3d 1041 [2013]; People v King, 79 AD3d 1277, 1279 [2010], lv denied 16 NY3d 860 [2011]; People v Stewart, 57 AD3d 1312, 1315 [2008], lv denied 12 NY3d 788 [2009], cert denied 558 US 1116 [2010]).

At trial, the victim testified that defendant pinned her down, "ripped" her shirt and bra off, exposing her breasts, and "yank[ed]" her pants and underwear "down a short ways" as she repeatedly pleaded with him to stop. The victim stated that she felt defendant's penis pressed against her body and that she heard defendant say in Spanish that he wanted sex. The victim's account was largely corroborated by the testimony of the responding police officer, as well as surveillance footage of the attack, which depicted defendant on top of the victim and, at one point, showed him throw something to the side. Contrary to defendant's contention, the foregoing proof, viewed in the light most favorable to the People (see People v Ramos, 19 NY3d 133, 136 [2012]; People v Hayes, 104 AD3d at 1054), was legally sufficient to permit a rational jury to conclude that defendant's actions were motivated by a desire for sexual gratification and, thus, that he forcibly subjected the victim to sexual contact (see People v Kruppenbacher, 81 AD3d 1169, 1172-1173 [2011], lv denied 17 NY3d 797 [2011]; cf. Matter of Michael DD., 33 AD3d 1185, 1185-1186 [2006]; Matter of Najee A., 26 AD3d 258, 258-259 [2006], lv denied 7 NY3d 703 [2006]).

Defendant asserts that certain inconsistencies rendered the victim's testimony incredible as a matter of law. However, the victim was thoroughly cross-examined on these inconsistencies and they presented "classic credibility issue[s]," which the jury plainly resolved against defendant (People v Roach, 263 AD2d 763, 763 [1999], lv denied 93 NY2d 1045 [1999]; see People v Cridelle, 112 AD3d 1141, 1143 [2013]; People v Allen, 13 AD3d 892, 894 [2004], lv denied 4 NY3d 883 [2005]). Moreover, the victim's testimony was not contradicted by any compelling evidence and it was not "so unworthy of belief as to be incredible as a matter of law" (People v Wright, 214 AD2d 759, 762 [1995], lv denied 86 NY2d 805 [1995] [internal quotation marks and citation omitted]; see People v Cridelle, 112 AD3d at 1143; People v Fernandez, 106 AD3d 1281, 1285 [2013]). Defendant testified that his attack on the victim was not sexually motivated; however, having independently weighed the evidence, while considering it in a neutral light and according deference to the jury's credibility determinations (see People v Thiel, 134 AD3d 1237, 1239 [2015], lv denied 27 NY3d 1156 [2016]; People v Hayes, 104 AD3d at 1054), we cannot conclude that defendant's conviction for sexual abuse

in the first degree was against the weight of the evidence (see People v Wright, 88 AD3d 1154, 1157 [2011], lv denied 18 NY3d 863 [2011]; cf. Matter of Najee A., 26 AD3d at 258-259).

Defendant also argues that, together, a litany of trial errors deprived him of a fair trial. We disagree. Despite certain alleged gaps in the chain of custody, County Court properly ruled that the victim's shirt and pants were admissible, as the responding police officer specifically described and identified the nonfungible clothing (see People v Julian, 41 NY2d 340, 343 [1977]; People v Shoga, 89 AD3d 1225, 1226 [2011], lv denied 18 NY3d 886 [2012]; People v Roblee, 83 AD3d 1126, 1127 [2011], lv denied 17 NY3d 809 [2011]). In addition, while the prosecutor tended to lead her witnesses and repeat questions, many of defendant's objections were sustained and, notwithstanding defendant's failure to request a curative instruction (see People v Murphy, 79 AD3d 1451, 1453 [2010], lv denied 16 NY3d 862 [2011]), County Court instructed the jury that questions were not evidence and to ignore the question if an objection was sustained. Defendant failed to preserve his further contention that he and another defense witness were improperly questioned as to defendant's national origin and understanding of the English language (see People v Brown, 114 AD3d 1017, 1020 [2014]; People v Lewis, 46 AD3d 943, 946 [2007]). In any event, the prosecutor's brief exploration of these topics was warranted given that defendant claimed to have mistaken the victim for a woman who had persecuted his family in his hometown and asserted that he took too much cold medicine before the attack because he could not read the dosage instructions (see People v Lewis, 46 AD3d at 946; People v Sylvers, 149 AD2d 920, 920 [1989], lv denied 74 NY2d 747 [1989]; People v Kong, 131 AD2d 783, 784 [1987], lv denied 70 NY2d 801 [1987]). Finally, defendant failed to preserve most of his challenges to the prosecutor's summation (see People v Perkins, 24 AD3d 890, 891 [2005], lv denied 6 NY3d 816 [2006]), which, in any event, are unavailing. To the extent that the prosecutor improperly commented on the victim's medical records, any such error was harmless inasmuch as the records were solely relevant to charges of which defendant was ultimately acquitted (see id.; People v Baker, 4 AD3d 606, 608-609 [2004], lvs denied 2 NY3d 795 [2004]). In short, while the prosecutor's performance may have been

imperfect, we remain unpersuaded that defendant was deprived of a fair trial.

Defendant further contends that his conviction for attempted kidnapping in the second degree merged with his convictions for sexual abuse in the first degree and assault in the second degree. Although defendant failed to preserve this argument for our review (see CPL 470.05 [2]; People v Hanley, 20 NY3d 601, 606 [2013]), we will invoke our interest of justice jurisdiction to take corrective action (see CPL 470.15 [6] [a]; People v Blair, 25 AD3d 1018, 1018 [2006], lv denied 6 NY3d 846 [2006]). The merger doctrine bars convictions for kidnapping "based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (People v Cassidy, 40 NY2d 763, 767 [1976]; accord People v Bussey, 19 NY3d 231, 237 [2012]; People v Cain, 76 NY2d 119, 125 [1990]). While application of the doctrine is dependent on the particular facts and circumstances of each case, "a kidnapping is generally deemed to merge with another offense . . . 'where there is minimal asportation immediately preceding' the other crime or 'where the restraint and underlying crime are essentially simultaneous'" (People v Hanley, 20 NY3d at 606, quoting People v Gonzalez, 80 NY2d 146, 153 [1992]; see People v Robinson, 101 AD3d 1245, 1246 [2012], lv denied 20 NY3d 1103 [2013]).

Here, the victim's testimony, as well as the surveillance footage, established that defendant immediately began punching the victim upon opening the door to her vehicle and that, after dragging her roughly 58 feet, he continued to punch the victim while forcibly subjecting her to sexual contact. This brutal encounter lasted between three and four minutes. Under these circumstances, because the conduct underlying the charge of attempted kidnapping in the second degree was simultaneous to, and inseparable from, the conduct underlying the charges of sexual abuse in the first degree and assault in the second degree (see People v Gonzalez, 80 NY2d at 153; People v Perez, 93 AD3d 1032, 1033 [2012], lvs denied 19 NY3d 1000 [2012]), we must apply the doctrine of merger, reverse defendant's conviction of attempted kidnapping in the second degree and dismiss that count

of the indictment (see People v Cassidy, 40 NY2d at 767-768; People v James, 114 AD3d 1202, 1203-1204 [2014], lv denied 22 NY3d 1199 [2014]; People v Blair, 25 AD3d 1018, 1019 [2006], lv denied 6 NY3d 846 [2006]; People v Swansbrough, 22 AD3d 877, 878 [2005]; compare People v Smith, 47 NY2d 83, 87-88 [1979]).

Defendant's remaining contentions, including his claim of ineffective assistance of counsel and his assertion that attempted kidnapping in the second degree, assault in the second degree and criminal obstruction of breathing or blood circulation are inclusory concurrent counts of sexual abuse in the first degree, have been examined and determined to be without merit.

Peters, P.J., Lynch, Devine and Aarons, JJ., concur.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of attempted kidnapping in the second degree under count four of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court