People v Alexander (2018 NY Slip Op 02504)





People v Alexander


2018 NY Slip Op 02504


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

107743

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWARD A. ALEXANDER, Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Thomas H. Kheel, Ithaca, for appellant.
Matthew VanHouten, District Attorney, Ithaca (Alyxandra Stanczak of counsel), for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered July 13, 2015, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child.
In the early morning hours of January 1, 2014, after hosting a small gathering of family for a New Year's Eve party, defendant, an adult male, proceeded to engage in sexual conduct with the 12-year-old victim while she was sleeping. The victim reported the incident to her father and stepmother the following morning and a police report was filed later that same day. Defendant was thereafter charged with two counts of sexual abuse in the first degree and one count of endangering the welfare of child. Following a jury trial, defendant was convicted as
charged. County Court thereafter sentenced him to two years in prison followed by three years of postrelease supervision for each count of sexual abuse in the first degree and one year in jail for endangering the welfare of a child, with the sentences to run concurrently. Defendant now appeals.
Defendant initially argues that the verdict was against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable given that the testimony of the victim and defendant presented a "classic he-said she-said credibility determination for the jury to resolve" (People v Kiah, 156 AD3d 1054, 1056 [2017] [internal quotation marks and citation omitted]; see People v McCray, 102 AD3d 1000, 1003-1004 [2013], affd 23 NY3d 193 [2014]), this Court "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from [*2]the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Danielson, 9 NY3d 342, 348 [2007]). Here, the 12-year-old victim testified that, on the evening in question, she had accompanied her father and stepmother to the home of defendant and his family for a New Year's Eve party. She testified that, sometime after midnight, she fell asleep on the couch in the living room and awoke around 2:30 a.m. to defendant rubbing and squeezing her buttocks through her clothes and a blanket. As defendant began to move his hand from her buttocks toward her vaginal area, she "popped up" and confronted defendant, whom she testified responded, "don't tell your dad, don't tell your dad." The victim testified that she then left the living room to go sleep next to her father and stepmother — who were asleep in an adjacent room — and told them what had occurred later that same morning. The victim testified that, when confronted with the allegations that morning, defendant became visibly upset and apologized to her.
Defendant contends that the People failed to conclusively prove that the sexual abuse actually occurred and points to, among other things, certain inconsistencies in the victim's testimony, the fact there were no corroborating witnesses or physical evidence and the victim's delay in reporting the incident. The victim, however, was thoroughly cross-examined regarding the inconsistencies in her testimony, and there is nothing in the record before us that rendered her testimony inherently unbelievable or incredible as a matter of law (see People v Bautista, 147 AD3d 1214, 1216 [2017]; People v McCray, 102 AD3d at 1003-1004). Moreover, the victim was competent to testify under oath without corroboration (see People v Izzo, 104 AD3d 964, 966 [2013], lv denied 21 NY3d 1005 [2013]), and the jury was free to consider the lack of physical proof of sexual contact as one of the factors in reaching its verdict (see People v Colvin, 37 AD3d 856, 857 [2007], lv denied 8 NY3d 944 [2007]). Further, the victim's delay in reporting the incident was not protracted and, although defendant testified at trial and denied inappropriately touching the victim, the jury was entitled to credit the testimony of the victim over that of defendant (see People v Planty, 155 AD3d 1130, 1132 [2017], lv denied 30 NY3d 1118 [2018]; People v Thiel, 134 AD3d 1237, 1239 [2015], lv denied 27 NY3d 1156 [2016]). Accordingly, viewing the evidence in a neutral light and giving appropriate deference to the factfinder's credibility assessments, we are unpersuaded that the jury's verdict was against the weight of the evidence (see People v Bautista, 147 AD3d at 1216-1217; People v Garcia, 141 AD3d 861, 863 [2016], lv denied 28 NY3d 929 [2016]; People v Fernandez, 106 AD3d 1281, 1281-1286 [2013]).
Next, we find unavailing defendant's contention that he was denied a fair trial due to the People's violation of County Court's Sandoval ruling. Defendant correctly asserts — and the People acknowledge — that the People's question with respect to whether defendant spent 30 days in jail for violating an order of protection contravened County Court's Sandoval compromise. Although defendant timely objected to People's inquiry such that no response was provided thereto, defendant did not request nor did County Court sua sponte provide a curative instruction to the jury with regard to the improper question (compare People v Peterson, 118 AD3d 1151, 1155 [2014], lvs denied 24 NY3d 1087 [2014]). Notwithstanding, the People's Sandoval violation was not so egregious or unduly prejudicial as to create a significant probability that defendant would have been acquitted but for such an error (see People v Sparks, 29 NY3d 932, 935 [2017]; People v Williams, 156 AD3d 1224, 1230 [2017]) and, given the strong evidence of defendant's guilt, we find that, under the circumstances, said error was harmless and did not serve to deprive defendant of a fair trial (see People v Coager, 266 AD2d 645, 646-647 [1999], lv denied 94 NY2d 917 [2000]).
Next, defendant failed to preserve for our review his claim of prosecutorial misconduct with respect to certain allegedly improper comments or remarks made by the prosecutor during [*3]summation (see CPL 470.05 [2]; People v Scippio, 144 AD3d 1184, 1187-1188 [2016], lv denied 28 NY3d 1150 [2017]). Defendant's arguments with regard to certain allegedly improper objections rendered by the People during defendant's cross-examination of the victim's stepmother and father have been considered, but we find that such questioning was not unduly prejudicial, and County Court instructed the jury that the People were permitted to meet with witnesses in preparation of trial (see People Milford, 118 AD3d 1166, 1171 [2014], lv denied 23 NY3d 1065 [2014]).
Lastly, we find defendant's contention that his sentence was harsh and excessive to be without merit. While the sentence imposed was greater than that offered to defendant during plea negotiations, there is nothing in the record establishing that he was punished for asserting his right to trial or that the lengthier sentence ultimately imposed was the result of vindictiveness or retaliation (see People v Olson, 110 AD3d 1373, 1377-1378 [2013], lv denied 23 NY3d 1023 [2014]). Moreover, given the victim's age, defendant's exploitation of her trust, the seriousness of the offense, his criminal history and lack of remorse for his conduct, we find no extraordinary circumstances nor any abuse of discretion that would warrant modifying the sentence imposed (see People v Gooley, 156 AD3d 1231, 1234 [2017]; People v Agan, 301 AD2d 968, 968 [2003]).
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.