The People of the State of New York, Respondent, 
against
Maksat Amanturov, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered April 12, 2018, after a jury trial, convicting him of sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered April 12, 2018, affirmed.
The verdict convicting defendant of third-degree sexual abuse (see Penal Law § 130.55) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The credibility issues raised by defendant were properly placed before the jury and we find no reason on the record before us to disturb their determination to credit the complaining witness's testimony that defendant, a massage therapist, inserted his fingers into her vagina without her consent during a massage at a spa. 
We also find unavailing defendant's challenge to the verdict on repugnancy grounds, since his acquittal on the forcible touching charge was not inherently contradictory to his conviction on the sexual abuse charge (see People v Cassis, 57 Misc 3d 785 [Crim Ct, NY County 2017]; see also People v Muhammad, 17 NY3d 532 [2011]; People v Tucker, 55 NY2d 1, 7 [1981]).
Defendant's motion to suppress identification testimony was properly denied. The record supports the hearing court's finding that complainant's identification of defendant at the spa the day after the incident was not the result of any suggestive police procedure. Complainant supplied police with defendant's first name and place of employment, and when police met complainant at the spa, complainant identified defendant as the individual who sexually abused her without any prompting from police (see People v Howard, 22 NY3d 388, 402-403 [2013).
Defendant did not preserve his present contention that the prosecutor improperly bolstered the testimony of a police witness during summation, since defendant did not raise a specific objection or seek any relief when the challenged remark was made (see People v Tonge, 93 NY2d 838, 839-840 [1999]), and we decline to review it in the interest of justice. As an alternative holding, we find that the prosecutor's brief remark was directly responsive to a portion of defendant's summation and was a proper record-based argument on the witness's lack of [*2]motive to lie (see People v Bryant, 294 AD2d 221 [2002], lv denied 99 NY2d 534 [2002]; see also People v Dais, 47 AD3d 421, 422 [2008], lv denied 10 NY3d 809 [2008])
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 31, 2019