People v Rose (2020 NY Slip Op 03954)





People v Rose


2020 NY Slip Op 03954


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

111448

[*1]The People of the State of New York, Respondent,
v
Dennis A. Rose, Appellant.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Steven M. Sharp, Albany, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl A. Mancini of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered May 20, 2019, upon a verdict convicting defendant of the crime of sexual abuse in the second degree.
In July 2018, defendant was charged in a three-count indictment with two counts of sexual abuse in the first degree and one count of sexual abuse in the second degree, stemming from allegations that he had sexual contact with his then-girlfriend's daughter (hereinafter the victim) on three separate occasions. Defendant filed an omnibus motion seeking to, among other things, dismiss the indictment on the ground that the time frames for the alleged crimes were "unreasonably expansive" or, alternatively, have the People make a diligent effort to narrow the applicable time frames, which motion County Court denied. The People thereafter filed a motion in limine requesting to have an expert testify at trial regarding the Child Sexual Abuse Accommodation Syndrome (hereinafter CSAAS). Defendant opposed the motion and cross-moved to dismiss the indictment, again arguing that the time frames contained in the indictment for the alleged crimes were unduly broad. County Court granted the People's motion in limine and denied defendant's cross motion to dismiss the indictment. In February 2019, a superseding indictment was filed and thereafter defendant filed a second omnibus motion seeking to, among other things, preclude any testimony pertaining to the victim's disclosure of the underlying sexual abuse to several friends in May 2018. County Court ruled that the victim's friends could not testify about "what [the victim] said specifically" but could testify that the victim disclosed her "deepest darkest secret."
Following a jury trial, defendant was acquitted of the two counts of sexual abuse in the first degree but was found guilty of sexual abuse in the second degree. Defendant thereafter moved to set aside the jury verdict (see CPL 330.30 [1]) on the ground that the time frame set forth in the indictment for sexual abuse in the second degree was overly broad. County Court denied defendant's motion and thereafter sentenced defendant to 364 days in jail. Defendant appeals.
Defendant contends that his conviction for sexual abuse in the second degree is not supported by legally sufficient evidence and is against the weight of the evidence, arguing that the victim's testimony was incredible as a matter of law and the People failed to prove that he subjected the victim to sexual contact for his own sexual gratification. As relevant here, to be found guilty of sexual abuse in the second degree, the People were required to prove that defendant subjected the victim to sexual contact when the victim was less than 14 years old (see Penal Law § 130.60 [2]). In turn, sexual contact is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" and includes "touching of the victim by the actor, whether directly or through clothing" (Penal Law § 130.00 [3]). "Whether a defendant's actions were motivated by a desire for sexual gratification can be inferred from the defendant's conduct, as well as the surrounding circumstances" (People v Bautista, 147 AD3d 1214, 1216 [2017] [citations omitted]; see People v Hayes, 104 AD3d 1050, 1054 [2013], lv denied 22 NY3d 1041 [2013]; People v Weber, 40 AD3d 1267, 1268 [2007], lv denied 9 NY3d 927 [2007]).
The evidence at trial established that, in June 2017, the victim, who was 13 years old, fell asleep on the upstairs couch of her mother's split-level home while watching a movie with her mother and defendant. Although the victim had previously told her mother not to allow her to fall asleep on the couch, the mother later retired to her downstairs bedroom for the evening, leaving the victim and defendant alone. The victim was subsequently awakened by defendant touching her vagina over her underwear with his hand. The victim indicated that she clearly observed defendant's face and immediately got up and ran downstairs to her mother's bedroom, where she slept for the remainder of the night, and stayed home from school the following morning as she was still upset. Viewing the foregoing evidence in a light most favorable to the People, we find that there was legally sufficient evidence presented from which a rational jury could conclude that defendant subjected the 13-year-old victim to unwanted sexual contact and that his actions were motivated by a desire for sexual gratification (see Penal Law § 130.60 [2]; People v Davis, 149 AD3d 1246, 1247 [2017], lv denied 29 NY3d 1125 [2017]; People v Hayes, 104 AD3d at 1054; People v King, 79 AD3d 1277, 1279 [2010], lv denied 16 NY3d 860 [2011]).
With respect to the weight of the evidence, although a different verdict would not have been unreasonable given the lack of physical evidence and the victim's delayed disclosure, we do not find the verdict to be against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Although the victim delayed disclosing the June 2017 incident until May 2018, the People presented expert testimony with respect to CSAAS that explained why a young victim who is molested by a family member or important person intertwined with her familial identity might delay disclosing such sexual abuse. The victim specifically testified that she did not immediately disclose the incident because her mother had been dating defendant since the victim was four years old, she had established close relationships with defendant's extended family and she "was scared of losing everyone" in the event that she disclosed what had occurred. Defendant, in turn, presented his own expert challenging the reliability and applicability of CSAAS and, to the extent that the jury was presented with conflicting expert testimony, it was within the jury's province to decide what weight to give such evidence (see People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]). The victim was unequivocal that it was defendant who subjected her to unwanted sexual contact in June 2017, she was extensively cross-examined regarding the incident and her account "was not contradicted by any compelling evidence and
. . . was not so unworthy of belief as to be incredible as a matter of law" (People v Bautista, 147 AD3d at 1216 [internal quotation marks and citations omitted]; see People v Introne, 172 AD3d 1538, 1539 [2019], lv denied 33 NY3d 1105 [2019]; People v Davis, 149 AD3d at 1247; People v Din, 110 AD3d 1246, 1247 [2013], lv denied 22 NY3d 1137 [2014]). Accordingly, considering the evidence in a neutral light and deferring to the jury's credibility assessments, we are satisfied that the verdict is not against the weight of the evidence (see People v Santana, 179 AD3d 1299, 1301 [2020], lv denied 35 NY3d 973 [2020]; People v Hayes, 104 AD3d at 1054-1055; People v Weber, 40 AD3d at 1268).
We reject defendant's contention that the superseding indictment lacked sufficient specificity regarding the date that the underlying sexual abuse occurred. "When time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms, so long as it sets forth a time interval which reasonably serves the function of protecting the defendant's constitutional right to be informed of the nature and cause of the accusation" (People v Garcia, 141 AD3d 861, 863 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 929 [2016]). As relevant here, time is not an essential element of the charge of sexual abuse in the second degree, and the People narrowed the time frame for when the underlying sexual contact allegedly occurred to sometime between 8:00 p.m. and 8:00 a.m. in June 2017, when the victim was 13 years old. Given the age of the victim and the lack of any evidence that the People were aware of and disregarded a narrower time frame, coupled with the fact that defendant's defense consisted of a denial that any sexual abuse or sexual contact had occurred, we find that the one-month time frame alleged in the superseding indictment, as particularized by the bill of particulars, was adequate and did not deprive defendant of an ability to prepare a defense (see People v Watt, 84 NY2d 948, 951 [1994]; People v Madsen, 168 AD3d 1134, 1136 [2019]; People v Garcia, 141 AD3d at 863; see also People v Keefer, 262 AD2d 791, 792 [1999], lv denied 94 NY2d 824 [1999]).
County Court did not err in admitting the testimony of the victim's friends and stepmother regarding the victim's disclosure of sexual abuse. Contrary to defendant's assertion, the testimony of the victim's friends and stepmother did not constitute improper bolstering, nor was it admitted in order to establish the truth of the allegations against defendant. Rather, in response to defendant's motion in limine, County Court expressly precluded said witnesses from providing specific details regarding the victim's disclosure and properly admitted this limited testimony for the "relevant, nonhearsay purpose of explaining the investigative process and assisting in the completion of the narrative of events which led to . . . defendant's arrest" (People v Gross, 26 NY3d 689, 694-695 [2016] [internal quotation marks and citations omitted]; accord People v Gannon, 174 AD3d 1054, 1061 [2019], lv denied 34 NY3d 980 [2019]). County Court also provided an appropriate limiting instruction in its final charge to the jury, wherein it specifically instructed that any testimony concerning these disclosures was for the limited purpose of providing background information and completing the narrative with respect to how the allegations were disclosed (see People v Ludwig, 24 NY3d 221, 231-232 [2014]; People v Gregory, 78 AD3d 1246, 1246 [2010], lv denied 16 NY3d 831 [2011]). Accordingly, defendant was not prejudiced by the admission of this testimony and was not deprived of a fair trial on this basis.
We are likewise unpersuaded by defendant's contention that County Court's admission of three photographs depicting the victim when she was less than 12 years old was so prejudicial as to deprive him of a fair trial. The age of the victim was an element of each of the three crimes for which defendant was charged (see Penal Law §§ 130.60 [2]; 130.65 [3], [4]). Further, since the victim was 15 years old at the time that she testified at trial — approximately two years after the most recent allegation of abuse and nearly eight years after the oldest allegation of abuse — the photographs were directly relevant to material elements of the crimes charged, and County Court appropriately determined that the probative value of admitting the photographs outweighed any prejudice to defendant (see People v Brinkley, 174 AD3d 1159, 1165 [2019], lv denied 34 NY3d 979 [2019]; People v Smith, 163 AD3d 1005, 1005-1006 [2018], lv denied 32 NY3d 1068 [2018]).
Next, defendant's contention that he was deprived of a fair trial based upon the admission of testimony referencing the fact that he was taken into custody and incarcerated prior to trial was not preserved for our review as defendant failed to render a contemporaneous objection to this testimony (see People v Pringle, 136 AD3d 1061, 1062 [2016], lv denied 27 NY3d 1137 [2016]; People v Smith, 66 AD3d 1223, 1224 [2009], lv denied 14 NY3d 773 [2010]). Defendant similarly failed to preserve his challenge to certain comments made by the prosecutor during summation (see People v Drayton, 183 AD3d 1008, 1011 [2020]; People v Wynn, 149 AD3d 1252, 1255 [2017], lv denied 29 NY3d 1136 [2017]), as well as his claim that County Court provided an erroneous instruction to the jury regarding the consideration of expert testimony (see People v Cochran, 140 AD3d 1198, 1201 n 2 [2016], lv denied 28 NY3d 970 [2016]), and we decline defendant's invitation to exercise our interest of justice jurisdiction to take corrective action. Nor do we find that defendant's failure to preserve these issues constituted ineffective assistance of counsel because, had timely objections been rendered, they would have had little or no chance of success (see People v Horton, 181 AD3d 986, 995 [2020]; People v Watkins, 180 AD3d 1222, 1234 [2020]; People v Stover, 178 AD3d 1138, 1147 [2019], lv denied 34 NY3d 1163 [2020]). Upon review, defense counsel made cogent opening and closing statements, submitted appropriate and relevant motions seeking to dismiss the indictment and preclude evidence, meaningfully cross-examined witnesses, including the young victim, presented expert testimony challenging the People's expert and was ultimately successful in obtaining an acquittal on the two top counts of the indictment. Accordingly, considering the record in its totality, we are satisfied that defendant was provided meaningful representation (see People v Forney, 183 AD3d 1113, 1118 [2020]).
Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.