*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    106230
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

        v                                    MEMORANDUM AND ORDER

PATRICK J. THIEL,
                          Appellant.
_____

Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Aaron A. Louridas, Delmar, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Sophie J.
Marmor of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered April 8, 2013, upon a verdict
convicting defendant of the crimes of rape in the first degree,
criminal sexual act in the first degree and sexual abuse in the
first degree (four counts).

        In March 2012, defendant was charged in a 10-count
indictment with rape in the first degree (three counts),
attempted rape in the first degree, criminal sexual act in the
first degree (two counts) and sexual abuse in the first degree
(four counts) after four children, all under the age of 11,
alleged that he engaged in certain sexual conduct with them at
different times occurring between June 2011 and September 2011 at

a home in the City of Elmira, Chemung County.[1]  Following a jury
trial, defendant was convicted of one count of rape in the first
degree, one count of criminal sexual act in the first degree and
four counts of sexual abuse in the first degree.  Defendant was
sentenced to an aggregate prison term of 20 years, followed by 20
years of postrelease supervision.  Defendant now appeals.

Defendant contends that the evidence supporting the
convictions was legally insufficient and the verdict was against
the weight of the evidence.  We do not agree.  First, defendant's
legal sufficiency argument is preserved only with respect to one
count of sexual abuse in the first degree based on an incident
occurring between the dates of April and August 2011, involving
victim B.  Otherwise, defendant's general motion to dismiss at
the close of the proof failed to preserve this argument for our
review (see People v Hawkins, 11 NY3d 484, 491 [2008]; People v
Finger, 95 NY2d 894, 895 [2000]; People v Rodriguez, 121 AD3d
1435, 1436 [2014], lv denied 24 NY3d 1122 [2015]).  Nevertheless,
as there is no preservation requirement with regard to
defendant's claim that the convictions were against the weight of
the evidence, we necessarily determine whether each element of
the crimes was proven beyond a reasonable doubt as part of that
review (see People v Danielson, 9 NY3d 342, 348-349 [2007];
People v Ballenger, 106 AD3d 1375, 1376 [2013], lv denied 22 NY3d
995 [2013]).  Accordingly, when, as here, a different verdict
would not be unreasonable, "we will, 'like the trier of fact
below, weigh the relative probative force of conflicting
testimony and the relative strength of conflicting inferences
that may be drawn from the testimony'" (People v Santiago, 118
AD3d 1163, 1164 [2014], lv denied 24 NY3d 964 [2014], quoting
People v Romero, 7 NY3d 633, 643 [2006]).

Relevant here, a person is guilty of rape in the first
degree when he or she "engages in sexual intercourse with another
person" who is younger than 11 years old (Penal Law § 130.35

[1]  The children were born in 2001 (hereinafter victim A),
April 2003 (hereinafter victim B), February 2003 (hereinafter
victim C), and 2005 (hereinafter victim D).  Defendant was
acquitted on the charge involving victim D.

[3]). To convict defendant of the crime of criminal sexual act in the first degree, the People were required to prove that defendant "engage[d] in oral sexual conduct or anal sexual conduct with another person" under the age of 11 (Penal Law § 130.50 [3]). Finally, a person is guilty of sexual abuse in the first degree if he or she "subjects [a person less than 11 years old] to sexual contact" (Penal Law § 130.65 [3]). Here, both the mother and father of victims A and B testified that defendant, who was a relative, resided with them during a period beginning in January 2010 through September 2011, when the children reported the abuse to the mother of victims A and B and her sister, who is the mother of victims C and D. Both the mother and father of victims A and B testified that victims C and D often spent the night at their house, that all four children spent time in defendant's room playing video games and that they had observed defendant both within and leaving the room shared by victims A and B while victims C and D were there.

With reference to specific parts of both her own and defendant's bodies, victim A testified that while she was in his room playing video games, defendant engaged in conduct that constituted sexual intercourse (see Penal Law § 130.00 [1]) and recalled that it hurt during the act and until "the next day after." Further, and again with specific description and reference to their body parts, she recalled the discovery of ejaculate on her leg after defendant made contact in a manner that constituted "anal sexual conduct" (Penal Law § 130.00 [2] [b]). As to the four counts of sexual abuse in the first degree, victim A, again describing and referring to specific parts of her body, testified that defendant touched her "intimate parts" (Penal Law § 130.00 [3]) with his hands while they were in his room and with his penis while they were sitting on the living room couch together in September 2011. Victim B, pointing to the area between her legs, testified that she felt pain when defendant touched her inside her "bad spot" one night while she was sleeping in the room shared by victims A and B. Victim C testified that defendant touched her "[o]n [her] crotch." They testified that they did not tell anyone what happened because they were scared they would be in trouble. The mother of victims A and B testified that each victim confirmed that she had been abused when the mother and her sister questioned them in

September 2011.

Initially, and to the extent that defendant's argument was preserved, we find that, viewing the evidence in the light most favorable to the People, defendant's conviction of sexual abuse in the first degree with respect to victim B was supported by legally sufficient evidence notwithstanding the young victim's inability to recall the specific date of the abusive conduct (see People v Johnson, 24 AD3d 967, 968 [2005], lv denied 6 NY3d 814 [2006]). Further, we find that each of the convictions was supported by the weight of the credible evidence. Defendant's primary argument in this regard is that the testimony of victims A, B and C was incredible, unbelievable and not corroborated by physical evidence. We do not agree. Despite the passage of time, each of these young victims was able to recall and describe defendant and his conduct with specific, graphic detail. They were each cross-examined and any aspect of their testimony that could have been perceived as inconsistent or improbable was fully explored and presented to the jury, which was entitled to credit their testimony (see People v Santiago, 118 AD3d at 1164). When we conduct a weight of the evidence review, we defer to the jury's resolution of credibility issues and, under the circumstances, we discern no basis to conclude that its determination here was against the weight of the evidence (see id. at 1165; People v Jabaut, 111 AD3d 1140, 1144 [2013], lv denied 22 NY3d 1139 [2014]; People v Hayes, 104 AD3d 1050, 1055 [2013], lv denied 22 NY3d 1041 [2013]; People v Johnson, 24 AD3d at 968).

Defendant's claim that he was denied the effective assistance of counsel is without merit. A defendant's constitutional right to the effective assistance of counsel "is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (People v Rivera, 71 NY2d 705, 708 [1988]). The constitutional standard is met, "'[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (id., quoting People v Baldi, 54 NY2d 137, 147 [1981]). The test is not whether defendant received "perfect representation," but whether the attorney's assistance was

"consistent with [that] of a reasonably competent attorney" (People v Oathout, 21 NY3d 127, 128 [2013] [internal quotation marks and citation omitted]).

Here, defendant contends that counsel was ineffective because he did not pursue a Huntley or Sandoval hearing and did not make a motion pursuant to CPL 330.30 to set aside the jury verdict. The failure to request a particular pretrial hearing does not necessarily constitute ineffective assistance (see People v Jackson, 48 AD3d 891, 893 [2008], lv denied 10 NY3d 841 [2008]). To prevail on such a claim, defendant must "'demonstrate[] the absence of strategic or other legitimate explanations' for counsel's choices" (People v Nguyen, 90 AD3d 1330, 1332 [2011], lv denied 18 NY3d 960 [2012], quoting People v Rivera, 71 NY2d at 709). Here, defendant makes no such showing; rather, defense counsel, apparently believing the voluntariness of defendant's statement was not at issue, waived the Huntley hearing in exchange for an open file for discovery from the People. He waived the Sandoval hearing after expressing a belief that defendant's criminal history was minimal and not related to the charges here. As for defendant's claim with regard to the posttrial motion, assistance is not ineffective where counsel "fail[s] to make a motion that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Blount, 129 AD3d 1303, 1306 [2015]). Moreover, based on the totality of the record, and noting that counsel successfully argued to have one charge dismissed, one charge reduced and that defendant was acquitted of two of the asserted charges, we find that defendant received meaningful representation (see People v Bahr, 96 AD3d 1165, 1166-1167 [2012], lv denied 19 NY3d 1024 [2012]).

Finally, we reject defendant's contention that the sentences were harsh and excessive. Given the circumstances presented, we find no extraordinary circumstances or an abuse of discretion to warrant a reduction of the sentences (see People v Lord, 128 AD3d 1277, 1279 [2015]), which were less than the maximum allowed for the class B and class D violent felonies (see Penal Law § 70.02 [3] [a], [c]).

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court