People v Dieckhoff (2020 NY Slip Op 51009(U))

[*1]

People v Dieckhoff (Alexander)

2020 NY Slip Op 51009(U) [68 Misc 3d 133(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-252 S CR

The People of the State of New York,
Respondent,
against
Alexander Dieckhoff, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Suffolk County District Attorney (Lauren Tan of counsel), for respondent.

Appeal from a judgment of conviction of the District Court of Suffolk County, First District
(Toni A. Bean, J.), rendered January 2, 2018. The judgment convicted defendant, after a nonjury
trial, of criminal obstruction of breathing or blood circulation.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was found guilty of criminal obstruction of breathing or
blood circulation (Penal Law § 121.11 [a]). On appeal, defendant contends that the District
Court improperly allowed a police officer to testify regarding speculative matters; that the
District Court improperly precluded the defense witness from testifying regarding a conversation
she had had with the complainant; that the evidence was legally insufficient; and that, in any
event, the verdict was against the weight of the evidence.
Although defense counsel moved for a trial order of dismissal at the close of the People's
case, she did not renew the motion after presenting evidence and, therefore, subsequent review of
the determination of that motion has been waived (see People v Mackey, 28 Misc 3d 137[A], 2010 NY Slip Op
51462[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Nevertheless, since there is no
preservation requirement associated with defendant's contention that the verdict by the court was
against the weight of the evidence, we necessarily determine whether all of the elements of the
crime were proven beyond a reasonable doubt as part of our weight of the evidence review (see People v Danielson, 9 NY3d
342, 348-349 [2007]; People v
Thiel, 134 AD3d 1237 [2015]). Since a different verdict would have not been
unreasonable (see People v
Zephyrin, 52 AD3d 543 [2008]), this court "must, like the trier of fact below, 'weigh the
relative probative force of conflicting testimony and the relative strength of conflicting inferences
that may be drawn from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987],
quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]). 
At the trial, the complainant testified that, on September 29, 2016, she was at defendant's
[*2]house and defendant got angry with her for talking to a male
on her phone. After defendant grabbed her phone, they got into a physical altercation and, as she
tried to leave the house, defendant grabbed her by the hair and put his right hand on her throat
and squeezed, which caused her to be unable to breathe. The complainant's mother testified that
when the complainant came home on the night of September 29th, she was hysterical, her
clothing was in disarray, the right side of her neck was red and the area from her collar bone to
her armpit was bruised. 
A police officer testified that, on September 29, 2016, he went to the complainant's house
and spoke to her. She appeared upset and told him that she had been at defendant's house, where
defendant had pushed and scratched her. However, the complainant did not know defendant's last
name. The officer observed injuries on the complainant. Based on what the complainant had told
him, the officer wrote up the incident as a harassment case, and his incident report was submitted
for further investigation. A second police officer testified that, on September 30, 2016, he was
assigned the harassment report. He thereafter spoke to the complainant, who told him that
defendant had put his hands around her neck and applied pressure. The officer, therefore,
changed the charge from harassment to criminal obstruction of breathing or blood
circulation.
Defendant's mother testified that she was in bed when she heard the complainant shouting
and yelling from downstairs. She drove the complainant home and the complainant appeared to
be fine. While the complainant was a little upset, she was not having difficulty breathing and did
not appear to be physically injured. Defendant's mother did not observe defendant having any
contact with the complainant. 
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v
Danielson, 9 NY3d at 348-349), while according great deference to the factfinder's
opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their
credibility (see People v Lane, 7
NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d at 495), we find that the verdict
convicting defendant of criminal obstruction of breathing or blood circulation was not against the
weight of the evidence (see People v
Romero, 7 NY3d 633, 643-646 [2006]).
Defendant's contentions regarding the evidentiary rulings of the District Court are
unpreserved for appellate review (see People v Gray, 86 NY2d 10, 20 [1995]; People
v George, 67 NY2d 817, 818 [1986]), and we decline to review them in the interest of
justice.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020