People v Breen (2021 NY Slip Op 51238(U))

[*1]

People v Breen (James)

2021 NY Slip Op 51238(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2019-1860 S CR

The People of the State of New York,
Respondent,
against
James P. Breen, Appellant. 

James P. Breen, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Lewis Silverman, J.H.O.), rendered October 23, 2019. The
judgment, after a nonjury trial, convicted defendant of failing to stop at a stop sign, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of failing to stop at a stop sign in
violation of Vehicle and Traffic Law § 1172 (a), and was sentenced to a fine. On appeal,
defendant contends, among other things, that the trial court improperly refused to admit a scale
drawing of the site of the incident into evidence; that the evidence was legally insufficient; and
that the verdict was against the weight of the evidence.
A review of the record indicates that defendant failed to lay a proper foundation for the
admission of the scale drawing into evidence (see People v Patterson, 93 NY2d 80, 84
[1999]; Corsi v Town of Bedford,
58 AD3d 225, 228 [2008]). Further, defendant's legal sufficiency contention is unpreserved
for appellate review, since he raised no such objection at trial (see CPL 470.05 [2];
People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56,
61 [2001]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, since there is no
preservation requirement associated with defendant's contention that the court's verdict was
against the weight of the evidence, we necessarily determine whether all of the elements of the
crime charged were [*2]proven beyond a reasonable doubt as part
of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349
[2007]; People v Thiel, 134 AD3d
1237 [2015]).
Vehicle and Traffic Law § 1172 (a) provides that a "driver of a vehicle approaching a
stop sign shall stop at a clearly marked stop line." The police officer testified that he had
observed defendant fail to come to a full stop at the stop sign and that, from where he was
positioned in his police car, he had an unobstructed view of the stop sign, stop line and
intersection. Although the officer testified that there was a stop line, he never testified that he had
observed defendant fail to stop at the stop line. However, defendant subsequently testified that
the stop sign was located more than 40 feet before the intersection, and, after he had "made a
complete stop at the stop sign and saw that it was clear to proceed, [he] did so," and did not stop
again before he proceeded through the intersection. The photograph entered into evidence as
Defendant's Exhibit D shows that the stop line is located well past the stop sign, closer to the
intersection. Therefore, defendant's testimony that he did not stop again after he stopped at the
stop sign before heading through the intersection demonstrated that he necessarily did not stop at
the stop line as is required by Vehicle and Traffic Law § 1172 (a).
In view of the foregoing, upon the exercise of this court's factual review power (see
CPL 470.15 [5]; People v Danielson, 9 NY3d at 348-349), we find that the verdict
convicting defendant of violating Vehicle and Traffic Law § 1172 (a) was not against the
weight of the evidence (see People v
Romero, 7 NY3d 633, 643-646 [2006]). Defendant's remaining contentions are dehors
the record and/or are unpreserved for appellate review.
Accordingly, the judgment of conviction is affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021