People v Zeffiro (2022 NY Slip Op 50287(U))

[*1]

People v Zeffiro (Dawn)

2022 NY Slip Op 50287(U) [74 Misc 3d 135(A)]

Decided on March 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-998 S CR

The People of the State of New York,
Respondent,
against
Dawn Zeffiro, Appellant. 

Dawn Zeffiro, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Patricia Filiberto, J.H.O.), rendered September 28, 2020. The
judgment, after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding in that she drove a
vehicle in excess of 55 miles per hour (mph) in violation of Vehicle and Traffic Law § 1180
(b). At a nonjury trial, a police officer testified that he had observed defendant driving a vehicle
in the right westbound lane of the Long Island Expressway, and that he visually estimated the
speed of the vehicle to be 80 mph. He then pointed a laser at the vehicle's front bumper, and the
laser indicated that the speed of the vehicle was 82 mph. The officer stated that he never lost
sight of the vehicle between the time he used the laser and the time he pulled the vehicle over,
and that he was sure that he had measured the speed of defendant's vehicle. Defendant testified
that she was driving on the service road of the Long Island Expressway, and after she drove onto
Ronkonkoma Avenue, she saw the lights of the police car, and pulled over. The officer told
defendant that he had observed her driving at 82 mph on the Long Island Expressway, and
defendant told the officer that she "was not on the Long Island Expressway." Defendant further
testified that the officer told her that he could not take back the ticket since it had already been
administered, that she should go to night court, and that he would appear in night court too.
Thereafter, defendant was convicted of speeding, and sentence was imposed.
At the outset, we note that the issues defendant raises in both her affidavit of errors and on
appeal amount to, in effect, a challenge to the legal sufficiency and weight of the evidence.
Defendant's legal sufficiency contention, however, is unpreserved for appellate review, as she did
not raise at trial the specific arguments she makes in support of this contention on appeal
(see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008];
People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]), and
we decline to review it in the interest of justice. However, since there is no preservation
requirement associated with defendant's contention that the verdict was against the weight of the
evidence, we necessarily must determine whether all of the elements of the offense as charged
were proven beyond a reasonable doubt as part of our weight of the evidence review (see
People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). As a different verdict
would not have been unreasonable herein (see People v Zephyrin, 52 AD3d 543 [2008]), given that the
testimony of the police officer and defendant presented a "classic he-said she-said credibility
determination for the [trier of fact] to resolve" (People v Kiah, 156 AD3d 1054, 1056 [2017] [internal quotation
marks omitted]), we "must, like the trier of fact below, 'weigh the relative probative force of
conflicting testimony and the relative strength of conflicting inferences that may be drawn from
the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel.
MacCracken v Miller, 291 NY 55, 62 [1943]). 
In order for defendant to be found guilty of speeding in violation of Vehicle and Traffic Law
§ 1180 (b), the People had to prove, beyond a reasonable doubt, that defendant drove her
vehicle in excess of 55 mph. No issues are raised on appeal regarding the police officer's ability
to estimate the speed of a moving vehicle, the accuracy of the laser device, or the officer's
competency to use the laser. Therefore, the sole issue is whether the District Court properly
credited the officer's testimony that he stopped the correct vehicle, i.e., defendant's vehicle. Upon
the exercise of our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d
at 348-349), while according great deference to the factfinder's opportunity to view the witnesses,
hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; Bleakley, 69 NY2d at 495), we are satisfied that the verdict convicting
defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 17, 2022