People v Chih Pyng Ho (2022 NY Slip Op 22384)

People v Chih Pyng Ho

2022 NY Slip Op 22384 [77 Misc 3d 26]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 8, 2023

[*1]

The People of the State of New York, Respondent,
v
Chih Pyng Ho, Min Chi Ho Pi and Living Water Victory Church, Appellants.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, November 23, 2022

APPEARANCES OF COUNSEL

The Kasen Law Firm, PLLC (Aleksander B. Milch of counsel) for appellants.
Chase, Rathkopf & Chase, LLP (Richard S. Prisco of counsel) for respondent.

{**77 Misc 3d at 27} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction rendered pursuant to the March 2021 information is modified, on the law, by providing that so much thereof as convicted defendant Living Water Victory Church of any offenses and imposed sentences thereon is vacated and the matter is remitted to the Justice Court for the entry of default pleas of guilty on behalf of defendant Living Water Victory Church pursuant to CPL 600.20; as so modified, that judgment of conviction is affirmed; and it is further ordered that the judgment of conviction rendered pursuant to the April 2021 information is modified, on the law, by providing that so much thereof as convicted each defendant of violating section 218-87 (E) of the Village of Brookville Code on January 29, 2021, for the construction of a berm without a{**77 Misc 3d at 28} site plan, and imposed sentences thereon is vacated, and by providing that so much of that judgment as convicted defendant Living Water Victory Church of the remaining offenses charged in that information and imposed sentences thereon is vacated and the matter is remitted to the Justice Court for the entry of default pleas of guilty on behalf of defendant Living Water Victory Church pursuant to CPL 600.20; as so modified, that judgment of conviction is affirmed.
In March 2021, the People filed an information charging all three defendants with 48 counts each of violating the Village of Brookville Code (Code) on six separate dates during the time period of December 23, 2020, to January 20, 2021, at a residential property on Tappentown Lane in Brookville, New York. In April 2021, the People filed a second information purporting to charge all three defendants with 72 counts each of violating the Code on nine separate dates during the time period of January 29, 2021, to March 28, 2021, at that property. Specifically, between the two informations, 15 dates of violations were set forth and all of which, with the exception of January 29, 2021, and February 4, 2021, charged each defendant with eight offenses: violating Code §§ 210-4 (outdoor parking of a boat, two counts for two different boats), 123-1 (depositing/dumping junk), 163-4 (A) (9) (depositing or maintaining dirt on private property); 218-87 (F) (no building permit for dirt deposit/removal); 218-87 (F) (no site plan approval for dirt deposit/removal); 218-87 (E) (no building permit for the construction of a berm); and 218-87 (E) (no site plan approval for the construction of a berm). However, with respect to the charge of violating Code § 218-87 (E) for no site plan approval for the construction of a berm, the April 2021 information charges each defendant with that offense twice—in counts 8 and 16—on February 4, 2021, thus purportedly charging nine offenses for that date, and does not charge that offense on January 29, 2021, thus only charging defendants with seven offenses for that date. Following a nonjury trial, all three defendants were convicted of having committed each of the eight offenses on each of the 15 dates, for a total of 120 counts against each defendant, and were sentenced to the maximum fines permitted.
Defendants contend on appeal, among other things, that the Justice Court erroneously allowed Chih Pyng Ho (Mr. Ho) and Min Chi Ho Pi (Mrs. Ho) to represent Living Water Victory Church (the church), a domestic religious corporation, during the proceedings; that the Justice Court did not properly advise{**77 Misc 3d at 29} defendants of their eligibility for appointed counsel; that the judgments of conviction should be reversed because the trial judge expressed her bias against defendants; that the People failed to establish the "boat" element of Code § 210-4; and that, in regard to the sentences, the assessed fines should be reduced by taking their religious values into consideration.
In the first instance, since the April 2021 information does not charge defendants with violating Code § 218-87 (E) for no site plan approval for the construction of a berm on January 29, 2021, so much of the judgment rendered pursuant to the April 2021 information as convicted [*2]each defendant of that offense on January 29, 2021, and imposed sentences thereon must be vacated.
[1] Pursuant to CPL 600.20
"[a]t all stages of a criminal action, from the commencement thereof through sentence, a corporate defendant must appear by counsel. Upon failure of appearance at the time such defendant is required to enter a plea to the accusatory instrument, the court may enter a plea of guilty and impose sentence."
It is uncontroverted that only Mr. and Mrs. Ho appeared at each arraignment. During the March arraignment, Mr. Ho (the pastor of the church) informed the Justice Court that he was appearing on behalf of the church, and he entered a plea of not guilty on behalf of the church. During the April arraignment, Mr. and Mrs. Ho informed the Justice Court that they do not represent the church. The People then moved for entry of a default guilty plea pursuant to CPL 600.20, which motion the Justice Court ultimately denied after trial. Since CPL 600.20 requires the church to "appear by counsel" at all proceedings, we find that the Justice Court improperly allowed Mr. and Mrs. Ho to represent the church at the March arraignment and during trial, and improperly allowed Mr. and Mrs. Ho to enter a plea of not guilty on behalf of the church at the March arraignment. We note that a not-guilty plea on behalf of the church was not entered at the April arraignment. Consequently, the matter is remitted for the entry of default pleas of guilty pursuant to CPL 600.20 to the 119 offenses that were properly charged against the church.
To the extent that the Ho defendants' contention that the People failed to prove the "boat" element of the Code § 210-4 charges is, in effect, a legal insufficiency of the evidence argument, this contention is unpreserved for appellate review as{**77 Misc 3d at 30} defendants did not raise this contention at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, we can determine whether all of the elements of the crime charged were proved beyond a reasonable doubt as part of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]).
[2] Code § 210-2 defines "boat" as "[a]ny vessel, watercraft or other contrivance used or capable of being used as a means of transportation in the water." The Ho defendants argue on appeal that the People did not establish that the two "boats" charged in the information, which "boats" were not in an enclosed structure on residential property, were in fact boats as defined in the code "rather than ornamental or imitative structures resembling boats." All of the trial witnesses, as well as the attorneys, referred to these two items as "boats," but no testimony was provided at trial that these "boats" were "used or capable of being used as a means of transportation in the water." Nevertheless, the Ho defendants failed to argue at trial that the People did not prove that the structures were boats pursuant to Code § 210-2. We note that whether the structures were "ornamental or imitative structures resembling boats" is of no consequence if they are, in fact, boats. In view of the foregoing, we find no basis to disturb the guilty verdicts as to the Ho defendants of violating Code § 210-4 insofar as it relates to boat number 1 and boat number 2.
[*3]
With respect to the Ho defendants' contention that their "good work as people of faith, community outreach activities, and earnest attempts to share their religious values [should] be taken into consideration to allow reduction of the assessed penalties," we note that the imposed sentences were legal and those defendants have presented no extraordinary circumstances that warrant reduction of the sentences in the interest of justice (see People v Dolphy, 257 AD2d 681 [1999]; People v Suitte, 90 AD2d 80, 85 [1982]). It is well settled that "the sentencing decision is a matter committed to the exercise of the [sentencing] court's discretion" (People v Farrar, 52 NY2d 302, 305 [1981] [emphasis omitted]).
The Ho defendants' remaining contentions lack merit or are unpreserved for appellate review.
Accordingly, the judgment of conviction rendered pursuant to the March 2021 information is modified by providing that so{**77 Misc 3d at 31} much thereof as convicted defendant Living Water Victory Church of any offenses and imposed sentences thereon is vacated and the matter is remitted to the Justice Court for the entry of default pleas of guilty on behalf of the church pursuant to CPL 600.20; the judgment of conviction rendered pursuant to the April 2021 information is modified by providing that so much thereof as convicted each defendant of violating section 218-87 (E) of the Village of Brookville Code on January 29, 2021, for the construction of a berm without a site plan, and imposed sentences thereon is vacated, and by providing that so much of that judgment as convicted the church of the remaining offenses charged and imposed sentences thereon is vacated and the matter is remitted to the Justice Court for the entry of default pleas of guilty on behalf of the church pursuant to CPL 600.20.
Garguilo, P.J., Emerson and Driscoll, JJ., concur.